## WINSLOW ET AL. *v.* WINSLOW ET AL.

CONVEYANCE.—*To Heirs.*—A deed made to the heirs of a living person named therein, without giving the names of the heirs, is void.

PLEADING.—*Action for Partition and to Quiet Title.*—*Answer.*—To an action for partition and to quiet title, an answer alleging that the defendant has been for more than twenty years before the commencement of the action in the exclusive and peaceable possession of the real estate, claiming title by conveyance from the person under whom the plaintiffs claim, is not bad for not alleging that the action was not commenced within twenty years after the cause of action accrued; but it is bad for not alleging that the adverse possession was continuous and uninterrupted.

SAME.—*Cross Complaint.*—To a complaint for partition and to quiet title, an answer by way of cross complaint, alleging that the ancestor under whom the plaintiffs claim, in consideration of a certain sum of money and for love and affection, agreed to convey the real estate in question to the defendant, and did put him in possession, and that he is still in possession, is good as a cross complaint for the specific performance of the contract.

SAME.—An answer in such case, by way of cross complaint, alleging that the plaintiffs ancestor, under whom they claim, gave the real estate in question to the defendant as an advancement, put him in possession, and that he has made lasting and valuable improvements thereon, and paid the taxes, and that he has ever since remained in possession, is bad.

SAME.—*Parties.*—An answer seeking affirmative relief should be in the form of a cross complaint, and where affirmative relief is sought against the plaintiff and the co-defendants, they should be made parties to the cross complaint.

)

CONTRACT.—*Reformation of Contract.*—Where the terms of a contract are uncertain and loosely stated, a judgment reforming it will not be rendered.

From the Henry Circuit Court.

*D. W. Chambers, E. Saint, J. Brown* and *J. M. Brown,* for appellants.

*M. E. Forkner* and *E. H. Bundy,* for appellees.

DOWNEY, J.—This was a petition for the partition of certain real estate. The plaintiffs are heirs of Peter Winslow, deceased, who, it is alleged, died the owner in fee simple of the real estate, in 1855, against Nathan Winslow, Daniel Winslow and Joseph Winslow, also heirs of the deceased, and one John Hazelrigg. The complaint, in addition to asking for partition of the real estate, also prayed that the title to the land be quieted.

Joseph Winslow answered in five paragraphs, the fourth of which was a general denial. A demurrer to the first, second, third and fifth paragraphs was sustained as to the first, third and fifth, and overruled as to the second. There was a reply to this answer in two paragraphs, the first of which was a general denial. A demurrer to the second paragraph of the reply was overruled.

Nathan Winslow answered in five paragraphs, the first of which was a general denial. A demurrer was sustained to the third, and overruled as to the second, fourth and fifth. There was a reply in two paragraphs, the first of which was a general denial, and a demurrer to the second was overruled.

The pleadings of Daniel Winslow and John Hazelrigg need not be noticed, as no question is raised by them. There was a trial by the court, a judgment for the plaintiffs, a motion for a new trial overruled, and final judgment, after the appointment and report of commissioners.

Joseph Winslow assigned as error:

1. Sustaining the demurrer to the first paragraph of his answer.

2. Sustaining the demurrer to the third paragraph of his answer.

3. Sustaining the demurrer to the fifth paragraph of his answer.

4. Overruling the demurrer to the second paragraph of the reply.

5. Refusing him a new trial.

6. That the complaint does not state facts sufficient to constitute a cause of action.

Nathan Winslow assigns as error:

1. Sustaining the demurrer to the second paragraph of his answer.

2. Sustaining the demurrer to the third paragraph of his answer.

3. Overruling his demurrer to the second paragraph of the reply.

4. Refusing to grant a new trial.

The complaint asked that the title of the plaintiffs be quieted for the reason that in his lifetime Peter Winslow had executed a deed for a part of the land to the heirs, without name, of said Nathan Winslow, the said Nathan being then living, and had also executed a deed in like manner to the heirs of Joseph Winslow, Nathan Winslow, Daniel Winslow, Henry Winslow, John Winslow, William Winslow, Edward Winslow, Sarah Hall, and Sue Thurman, for another part of said real estate; to the heirs of Joseph Winslow for another part of the said land; and to the heirs of Daniel Winslow for another part, which he conveyed to Hazelrigg. It is not contended but that these deeds were void, for the reason that no one can have heirs while living, and that, therefore, the grantees cannot be ascertained. Such we find to be the law. *Hall* v. *Leonard*, 1 Pick. 27; *Morris* v. *Stephens*, 46 Pa. St. 200; Washb. Real Prop., vol. 3, p. 240, sec. 33.

The sixth assignment of error by Joseph Winslow, calling in question the sufficiency of the complaint, or petition, is not urged by counsel, and need not be particularly examined. We see no objection, however, to that pleading.

The first paragraph of the answer of Joseph Winslow is as to a part of the real estate, and alleges, "that he is now, and has been for more than twenty years before the commencement of this action, in the exclusive, quiet and peaceable possession and control of said tract of land, claiming title thereto by conveyance from Peter Winslow, named in said complaint, without any claim by said Peter during his lifetime, or by the plaintiff or the other defendants, or either of them, either to the title or possession of said land or any interest therein, or use or profits thereof during all that period, although having full notice of all the above facts."

Counsel for the appellee insist that this paragraph is bad, for the reason that it is not alleged therein that the action was not commenced within the specified period after the cause of action accrued. We are referred to *Vanduyn* v. *Hepner*, 45 Ind. 589. That was not an action for partition.

When does the cause of action accrue in partition? The ancestor died in 1855, as alleged in the complaint. The action was commenced in 1873. Fifteen years is probably the time limited within which the action for partition must be brought, after the cause of action has accrued. 2 G. & H. 160, sec. 212. Joint tenants, tenants in common and co-partners may have partition at any time. Suppose they do not demand it for fifteen years after they might do so, but choose to occupy and enjoy their lands together until after the lapse of that time, does this prevent them from having partition afterwards when they desire to enjoy their lands in severalty?

Again, suppose the defendant in this action had held the land adversely to the deceased, and that the deceased might, on that account, have sued for possession of the land in his lifetime, but did not do so. The right to sue for partition could not accrue to the plaintiffs until after the decease of the ancestor. Suppose that had occurred within fifteen years, must the defendant in possession be able to plead that the cause of action for partition did not accrue within fifteen years? If so, of what avail to him is his adverse holding or

the running of the statute of limitation before the death of the ancestor? We think that this objection to the answer cannot avail. See *Jenkins* v. *Dalton,* 27 Ind. 78. This case expressly decides that an answer in the form suggested by counsel for appellee would not be good.

It is further urged, as an objection to the answer, that it does not show that the adverse possession for twenty years before the commencement of the action was continuous and uninterrupted. Conceding, but not deciding, that there is no other valid objection to the answer, we think this one is well taken. A considerable degree of strictness is required in judging such a pleading. Tyler Eject. 907, *et seq.* The author says:

" If there be one element more distinctively material than another in conferring title by adverse possession, when all requisites concur, it is the existence of a *continuous* adverse possession for the whole period prescribed by the statute of limitations. If the possession, though adverse in its character, becomes broken, that moment it ceases to be effectual." It is so decided in *Law* v. *Smith,* 4 Ind. 56. Hence the necessity that the answer shall distinctly show that the adverse possession was continuous and uninterrupted. This we think the answer in question does not do.

The third paragraph of the answer of Joseph Winslow, which is in the form of a cross complaint, alleges that, on the 1st day of January, 1848, the deceased, in consideration of four hundred dollars paid by the defendant and for love and affection, agreed to convey the land claimed by the defendant, describing it, to said defendant, in fee simple, put the defendant in possession of the land, and since the sale he has remained in the peaceable and quiet possession of the same, and has made valuable and lasting improvements thereon to the value of two thousand dollars, by building a house, stable, smoke-house, etc., has paid the taxes, amounting to four hundred dollars; that the plaintiffs stood by and saw the improvements made, the same having been made after the death of said deceased, without asserting any claim,

etc. The defendant asks that his title be determined and quieted, etc. The plaintiff and defendants, other than Joseph, are made defendants to this cross complaint.

We think this paragraph is good as a cross complaint. It alleges a sale of the land by the deceased and the payment of the consideration ; that the vendee was put in possession under the contract, and made lasting and valuable improvements thereon. It seems to us to be a good cross complaint for the specific performance of the contract. Conceding that performance of a contract for the consideration of love and affection cannot be decreed, still there was a pecuniary consideration of four hundred dollars paid, which would support the promise.

The fifth paragraph is also pleaded as a cross complaint. It alleges that the deceased, in 1840, gave the defendant the particular tract of land claimed by him as an advancement, and put him in possession thereof; that he has made valuable and lasting improvements and paid the taxes thereon ; and that he has remained in the possession thereof ever since. It is also alleged that at the same time the deceased gave as an advancement to Daniel Winslow, another son, a certain other tract of land, which was conveyed to his children, and to Nathan Winslow a certain other tract. The defendant asks that the said land be conveyed to him.

This promise of the father was without any valuable consideration, and we think the performance of it cannot be enforced for that reason. Courts do not compel the specific performance of voluntary contracts, or contracts where no consideration emanates from the party seeking the performance. Fry Specific Perf. 71, and n. 10, 2d Amer. ed.; *Randall* v. *Ghent*, 19 Ind. 271; *The German Mut. Ins. Co.* v. *Grim*, 32 Ind. 249, and cases cited.

The assignment of error of Nathan Winslow relating to the demurrer to the second paragraph of his answer can only relate to that answer as originally filed. It was amended, and the demurrer then overruled. There is nothing in this.

The third paragraph of the answer of Nathan Winslow

assumes to defend as to so much of the real estate as he possessed, and alleges that the deceased, in 1849, sold to him a life estate therein, with remainder to his heirs, for four hundred dollars, which he then paid; that the deceased executed to him a deed, a copy of which is filed, but through the mistake and ignorance of the draftsman of the deed and the mistake of said deceased, the name of the defendant was erased and defaced in said deed, without the consent of this defendant; that it was the intent and purpose of the deceased to convey to defendant a life estate in said land, with remainder over to his children; that the deceased put the defendant in possession under the deed, which possession the defendant has ever since held; that he has paid all taxes on said land, and has made many lasting and valuable improvements, etc. Wherefore he asks that the said deed be reformed, and that he be quieted in his said title, etc.

We think the demurrer to this paragraph was properly sustained, for several reasons:

In the first place, it seeks affirmative relief, and should have been in the form of a cross complaint. Affirmative relief cannot be granted upon an answer merely. As a cross complaint, it should have made parties thereto, not only the plaintiffs, but also those of the co-defendants who, as heirs, had an interest in the land.

Again, it seems to us that the terms of the contract are too uncertain and too loosely stated to warrant a judgment reforming the contract. It is first alleged that the contract was to convey to the defendant a life estate with remainder to his heirs; and afterwards, it is stated that it was the intent and purpose of the deceased to convey to the defendant a life estate and the remainder to his children. The estate created by a deed in one form would be substantially different from that which would be vested by a deed in the other form. The court could not know how to reform the deed.

Another objection to the case made is, that it does not appear that the defendant did not accept the deed with full knowledge of its form and contents. It is true that it is

averred that the name of the defendant was erased from the deed without his consent. But we must presume that this was done before the delivery of the deed to him, as the contrary is not alleged. Why did he receive it in that form?

Assuming that the pleading could be held to be a cross complaint, still, we think, for the reasons stated, it could not be upheld, and the demurrer to it was properly sustained.

There was no error in overruling the demurrers to the second paragraphs of the replies to the answers of Joseph and Nathan Winslow. The replies were to paragraphs of answer setting up a claim for improvements made on the land, etc., and the replies asserted a claim for the use of the lands occupied by the defendants as a satisfaction for, or set-off against, such improvements. This question is not argued or urged by appellants.

No question arises under the assignment of errors relating to the overruling of the motion for a new trial. The bill of exceptions is not properly in the record. On the 27th day of March, 1873, sixty days were given in which to file the same, and it was filed on the 13th day of December, 1873. This was not within the time allowed.

On account of the ruling of the court on the demurrer to the third paragraph of the answer or cross complaint of Joseph Winslow, the judgment as to him will have to be reversed.

The judgment against Joseph Winslow is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the third paragraph of his answer or cross complaint; and, as to the other appellant, the judgment is affirmed, with costs.