No. 9770.

## LOCKE v. WHITE ET AL.

DEED.—Estoppel.—A deed of real estate, with covenants of warranty, will, as a rule, estop the vendor from asserting an after-acquired title against his vendee or those claiming under him, but where such a deed simply purports to convey the right, title and interest of the vendor, it will not be such an estoppel.

SAME.—Covenant of Warranty.—Estoppel.—Vendor and Vendee.—A general covenant of warranty, contained in a deed by which A., B. and W. convey two separate parcels of land in the northeast quarter of a certain section, is not limited to the interest that W. may have in the first described parcel by the following clause, inserted near the close of said deed, viz.: "And it is the express intention hereby to convey the entire interest of the said Micajah W. White in and to the said northeast quarter of said section," and said W. is thereafter estopped, by the execution of such deed, from asserting an after-acquired title to such land as against his vendee, or those claiming through him.

SAME.—*Action to Recover Real Estate.—Answer.*—In an action by W. and others to recover such parcel of land from the assignee of the vendee, an answer setting up such conveyance in bar of the action upon the part of W. was sufficient, and the court erred in sustaining a demurrer to it.

From the Superior Court of Marion county.

*N. B. Taylor, F. Rand, E. Taylor, J. A. Holman* and *J. Brownlee*, for appellant.

*A. T. Beck* and *J. A. Buchanan*, for appellees.

BEST, C.—This action was brought by Micajah W. White, Thomas J. White, Francis M. White and Emily Rook, formerly White, against the appellant to obtain partition of $55\frac{17}{100}$ acres of land, particularly described, being a part of the northeast quarter of section 31, township 16, range 5 east, in Marion county.

The complaint alleged that John White died intestate in 1855, seized of the northeast quarter of said section, and that he left surviving him his widow, Mahala, and six children, viz.: Micajah W., Thomas J., Francis M., Emily, George and Benjamin; that afterwards George and Benjamin died intestate, and without issue; that thereafter said Mahala intermarried with Isaac Heron, and in a proceeding for partition the $55\frac{17}{100}$ acres of land above mentioned were set off to her and her husband; that said parcel embraced the one-third of said quarter which she held as widow, and one-ninth which she held as heir of her deceased children; that thereafter said Mahala and her husband conveyed said land to one Joseph K. Sharpe, who conveyed the same to appellant; that subsequently said Mahala obtained a divorce from said Heron, and afterwards, without making any other disposition of said land, died intestate, leaving the appellees as her only children and heirs at law, by reason whereof they aver that they own the undivided three-fourths of said parcel as tenants in common with appellant, and demand partition.

The appellant filed an answer of several paragraphs. The first was a general denial. No question arises upon the second. The third was limited to the interest of Micajah W.,

and alleged that he had joined his mother and her husband in conveying the property by a warranty deed, and was estopped to claim any interest in it.   The fourth alleged a ratification of the conveyance by the mother after she had obtained a divorce from her husband.

A demurrer was sustained to the third, and a reply in denial of the fourth paragraph of the answer was filed.   The issues were submitted to a jury, and a verdict was returned for the appellees.   A motion for a new trial was overruled, and final judgment was rendered upon the verdict.

The questions discussed upon this appeal arise upon the order of the court in sustaining the demurrer to the third paragraph of the answer, and in overruling the motion for a new trial.   The first only will be considered.

The sufficiency of the third paragraph of the answer depends upon a construction of the deed, a copy of which accompanies the paragraph.   If this deed only conveyed the interest that Micajah W. had in the land at the time of the conveyance, the appellant concedes that the paragraph was insufficient; but he contends that it was not limited to such interest.   The language of the deed is that " Isaac Heron and Mahala Heron, his wife, and Micajah W. White * * * convey and warrant to Joseph K. Sharpe  * * * *  the following real estate in Marion county, in the State of Indiana, to wit:"   Here follows a description of the land in dispute, after which the deed proceeds thus: " being the same premises set apart to the said Isaac Heron and Mahala Heron, his wife, in the partition of the estate of John White, deceased.   Also, the following described tract:"   Here follows a description of $26\frac{81}{100}$ acres of land in the same quarter, after which the deed proceeds thus: "This last described tract being the same premises set apart to Micajah W. White on the partition of the estate of John White, deceased, and it is the express intention hereby to convey the entire interest of the said Micajah W. White in and to the said northeast quarter of said section."

It is well settled that a deed of a certain parcel of land, with covenant of warranty, will, as a general rule, estop the vendor from asserting an after-acquired title against his vendee or those claiming under him.

It is also well settled, that where a deed, with covenant of warranty, simply purports to convey the right, title and interest of the vendor in land, such deed will not estop the vendor from asserting an after-acquired title. *Shumaker* v. *Johnson*, 35 Ind, 33; *Miller* v. *Ewing*, 6 Cush. 34; *Blanchard* v. *Brooks*, 12 Pick. 47; *White* v. *Brocaw*, 14 Ohio St. 339; Rawle Covenants, p. 394.

The language of this deed, aside from the last clause, is broad enough to convey the land in question and to estop Micajah W. White from asserting an after-acquired title against his vendee or those claiming through him. This is conceded; but it is insisted that the last clause limits the general language which precedes it, and that the deed, as a whole, properly construed, simply purports to convey such interest as he then had in the land. If so, the covenant only applies to the interest conveyed, and will not estop him from asserting an after-acquired title. *Allen* v. *Holton*, 20 Pick. 458; *Hope* v. *Stone*, 10 Minn. 141.

Whether the deed purports to convey the parcel, or only purports to convey his interest in the parcel, is the question upon which the sufficiency of this paragraph of the answer depends. The language in the granting part of this deed, as before stated, purports to convey the parcel, and unless the last clause limits the language employed, the deed must receive such construction. The last clause does not purport to limit the language employed in the conveyance of this parcel. The statement is that it is the express intention to convey his entire interest in the quarter section. This indicates an intention to convey any interest he may have had in the quarter section, aside from the parcels described. If such was not the intention, the residue of the quarter would not probably have

been mentioned, and the statement would have been limited to the parcels described. The fact that such statement would not operate to convey such interest, if any, does not negative such intention, nor does it render the statement applicable alone to the parcels described. The language employed does not apply to them other than as a part of the quarter. This is not, however, enough. Effect must be given to the language of the entire deed, and to thus construe it would be, in effect, to destroy the covenants inserted in it. If, after their insertion, it had been intended to limit the estate conveyed, this should have been clearly expressed. Had the statement been that it was the intention only to convey his interest in the quarter, or to convey his entire interest in the parcels described, the intention to limit the preceding language would have been apparent. The statement, however, is quite different, and can not, as we think, receive such construction. The covenants in this deed must have been inserted for some purpose, and thus to construe the deed is practically to destroy the covenants and to render the deed, in effect, merely a quitclaim as to title. This was not the intention of the parties —at least it does not so appear. It may be said that it is apparent from the deed that Mahala Heron and her husband owned the land in dispute, and that Micajah W. owned the other parcel, and as they joined in the deed conveying both, the deed should be construed as a conveyance alone of his interest in his mother's parcel. The fact assumed does not appear, and if it did it would not warrant such construction. The language is the same as to both parcels, and if the deed should thus be construed as to one parcel, it should as to both. This construction would render it a mere quitclaim as to the parcel owned by Micajah W., and would not estop him from asserting an after-acquired title to such parcel. This was not the intention of the parties, and the deed can not receive such construction. In addition to this, the law requires the court, in construing the language of a grant, to give it a construction most favorable to the grantee, and one which will

sustain rather than defeat a covenant plainly expressed in the deed. This rule forbids the construction insisted upon by the appellees. For these reasons we think the court erred in sustaining the demurrer to the third paragraph of the answer, and for such error the judgment must be reversed. This conclusion renders it unnecessary to consider certain questions discussed under the motion for a new trial.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellees' costs, with instructions to overrule the demurrer to the third paragraph of the answer.