Hannah, Administrator, *v.* Collins.

Filed March 15, 1884.

<hr/>

No. 11,077.

HANNAH, ADMINISTRATOR, *v.* COLLINS.

TAXES.—*Tax Title.*—*Evidence.* — *Deed.* — *Description.*—*Decedents' Estates.*—*Tender.*—*Warranty Deed.*—*Estoppel.*—Petition by an administrator to sell lands, and to quiet the title thereto against a tax title.

*Held,* that in such case it was not necessary to tender the money paid by the purchaser in discharge of the taxes.

*Held,* also, that the description "West part of the N. E. N. E., section 35, town. 23 N., R. 6 E., 30 acres," was good.

*Held,* also, that a defendant holding a tax title, *prima facie* good, need not show anything as to the levy of the taxes, or the meeting of the board of equalization.

*Held,* also, that a failure by the county auditor properly to transfer lands for taxation, or to charge them on the duplicate to the proper owner, or that some of the taxes accrued during a former ownership, are not objections to the validity of a tax title.

*Held,* also, that a sale of lands for taxes is invalid, if there be personal property liable to be seized therefor.

*Held,* also, that one who conveys lands with general warranty is estopped from claiming title by virtue of a tax sale, if any part of the taxes for which it was sold were upon it at the time of his conveyance.

From the Grant Circuit Court.

*G. W. Harvey* and —— *Brownlee,* for appellant.
*A. Steele, R. T. St. John* and *R. G. Steele,* for appellee.

BICKNELL, C. C.—This was a proceeding by the administrator of a decedent, whose land had been sold for delinquent taxes to defeat the title of the purchaser at the tax sale.

The complaint alleged that the decedent died seized of the land, and prayed for an order to sell the land to pay the decedent's debt, and that the cloud upon the title arising from the tax sale and deed be removed, and that the purchaser's lien on the land for taxes, if he had any lien, be adjusted, and that upon sale of the land the proceeds be applied first to the payment of all existing liens which were in force at the time of the decedent's death, next to the expenses of administration, and then in payment of all valid liens upon the land.

The cause was tried by the court upon the complaint, the general denial, special defences and replies thereto. The court found that the land was delinquent for taxes, and was duly returned delinquent and advertised for sale, and was duly sold for such taxes to Wilson and Gaunt, who assigned their certificate of purchase to the defendant Lewis W. Collins; that said land was not redeemed, and that after the end of the time for redemption the county auditor executed a tax deed for the land to said Collins, who has ever since been in possession of the land; that all the heirs at law of said decedent have conveyed all their interest in said land to said Collins, and that he is the owner in fee of said land.

The plaintiff's motion for a new trial was overruled; judgment was rendered upon the finding for costs against the plaintiff, and quieting the defendant's title.

The plaintiff appealed; he assigns for errors:

1. Overruling the motion for a new trial.

2. The court erred in rendering judgment, finding and decree in favor of said Lewis W. Collins, instead of declaring, finding and decreeing that said land was liable for the payment of said debts, etc.

3. The court erred in finding that the said tax title, by and through which said Collins claims said land, was and is a good and valid title.

4. The court erred in refusing to hold and find that the said Lewis W. Collins was estopped from claiming under said tax title.

No objection was made below to the form or substance of the judgment, and no motion was made to modify the judgment.

The second, third and fourth specifications of error present no question. *King* v. *Wilkins,* 10 Ind. 216; *Schofield* v. *Jennings,* 68 Ind. 232; *McFarland* v. *McFarland,* 40 Ind. 458.

For a new trial eight reasons are alleged, but the appellant in his brief discusses the validity of the tax title and nothing else. He says: "The controversy in the court is the tax title." He is therefore regarded as waiving everything else. He makes several objections to the validity of the tax deed.

We think it is not necessary for a defendant who has a *prima facie* title, by virtue of a tax deed made in conformity to law, to show anything as to the levy of taxes or as to a meeting of the board of equalization. See R. S. 1881, section 6480.

And we think the land was sufficiently described. The description was: "The west part of the N. E. N. E., sec. 35, town. 23 N., R. 6 E; 30 acres." In describing a part of forty acres, one of the regular subdivisions of the surveys of the United States, thirty acres, the west part of such subdivision, means all of it except ten acres off the east side extending from end to end. There is no uncertainty in such a description.

And we think that the fact that the land was not properly transferred for taxation by the county officers, and was not charged on the duplicate to the real owner thereof, is not a good objection to the validity of a tax deed. R. S. 1881, section 6489; *Cooper* v. *Jackson*, 71 Ind. 244. Nor is it ordinarily a valid objection that some of the taxes accrued during the ownership of a former proprietor of the land; the lien of the taxes remains notwithstanding the transfer of the land. *Cooper* v. *Jackson, supra.*

But a sale of the land for taxes is invalid where there is personal property liable to be seized therefor. And where, as in this case, a former owner of the land sells it subject to the taxes of 1876 and 1877, and makes a warranty deed therefor, he is estopped from claiming that land by purchase at a sale for the taxes of 1876 and 1877, which he is bound by his covenant to pay, and he is equally estopped where the land is sold for any taxes, of which the taxes against which he covenanted are a part.

A defendant can neither plead nor take advantage under the evidence of anything contradictory to or in conflict with his own warranty. *Miller* v. *Elliott*, 1 Ind. 484; *Sammons* v. *Newman*, 27 Ind. 508.

We think the defendant was estopped by his warranty from claiming title to the land in controversy under his tax deed. Ordinarily, in a suit by the owner of land sold for taxes to defeat the title of a purchaser at a tax sale, he can not recover without paying or tendering the taxes legally due. *Harrison* v. *Haas*, 25 Ind. 281; *McWhinney* v. *Brinker*, 64 Ind. 360. But this rule does not apply to this case.

This is a proceeding by an administrator to make assets to pay debts, including the taxes. In such a case he may in his petition, as was done here, ask that the land be sold subject to any valid claim of the holders of the tax deed, and he is not required to pay or tender the amount of such claim in order to show a valid cause of action.

We think the court erred in overruling the motion for a new trial, and for this error the judgment must be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and. the same is hereby in all things reversed, and this cause is remanded for a new trial.

