Lyles v. Lescher *et al.*

Filed Dec. 7, 1886.

---

No. 12,685.

## LYLES v. LESCHER ET AL.

DEED.—*To Heirs of Living Person.*—*Different Construction by Acts of Grantor.—Action for Possession.—Estoppel.*—The appellant, in 1871, by warranty deed, which he caused to be recorded, conveyed "to Anna Lyles and Isaac Lyles' heirs," the real estate which he now seeks to recover from a remote grantee of Anna Lyles, who conveyed it without objection by appellant, after the death of her husband.   Isaac and Anna Lyles paid no consideration for the land, but were living on it when appellant executed the deed, and had children then living.   There has been continuous possession by the Lyles and their immediate and remote grantees.

*Held*, that the deed executed by appellant is, on its face, a grant to the heirs of Anna and Isaac Lyles jointly.

*Held*, also, that the parties, by their acts, having placed such a construction upon it as to render it effectual as a conveyance, the grantor is estopped to assert title as against subsequent good-faith purchasers.

SAME.—The rule, that a deed to the heirs of a person in life is void for uncertainty, doubted.   *Winslow* v. *Winslow*, 52 Ind. 8, criticised.

From the Gibson Circuit Court.

*J. E. McCullough* and *J. H. Miller*, for appellant.
*M. W. Fields* and *J. W. Ewing*, for appellees.

ELLIOTT, C. J.—In July, 1871, Joshua Lyles and his wife

executed a deed which, omitting the formal parts, reads thus: " This indenture witnesseth that Joshua Lyles and Copatrick Lyles, his wife, of Gibson county, in the State of Indiana, convey and warrant to Anna Lyles and Isaac Lyles' heirs, of Gibson county, in the State of Indiana, for the sum of four hundred dollars, the following real estate in Gibson county, Indiana, to wit: The west half of the west half of the southwest quarter of section number twenty-five, in township number one south, of range twelve west."

Isaac Lyles was the son of the grantors, and Anna was Isaac's wife. After the execution of the deed, the grantor himself caused it to be recorded, by delivering it to the recorder, on the day of its execution, for record. Both Isaac and Anna Lyles were living on the land at the time the deed was executed, and had three children then living. No consideration was paid to the grantors for the conveyance, but possession was held by the grantees. Isaac Lyles died in 1876, and after his death his widow, Anna Lyles, conveyed the real estate to John J. Lescher, who devised it to his wife, Eliza J. Lescher, and died in March, 1878. Eliza J. Lescher continued in possession of the land after the death of her husband until October, 1882, when she conveyed the land to William Lescher and put him in possession, and he has since remained in possession, in conjunction with Jesse Lescher, to whom he conveyed an interest in the land.

The facts, which we have given in an abridged form, are stated in a special finding, and upon them this conclusion of law was stated by the court: " The plaintiff has no title to the land."

One of the controlling questions in the case is as to the effect of the deed of July 1st, 1871, upon the appellant's claim to the land, for, if it divested him of all title, it is not material to inquire what is the character of the estate vested in his grantees. If the appellant has no title his action to recover the land was justly defeated.

The contention of appellant's counsel is, that as no grantee

is named the deed is void.   We concur with them that where
no grantee is named, or when the one named is not in being,
the deed is not valid.   *Harriman* v. *Southam*, 16 Ind. 190.
It has also been held that a deed to the heirs of a person in
life is void for uncertainty, for the reason that no one can
have heirs during his lifetime.   *Hall* v. *Leonard*, 1 Pick. 27 ;
3 Washburn R. P. (5th ed.) 567.

Our own court has, upon the concession of counsel, assumed
this to be the rule, although, as it is evident, without very
careful examination, for the case of *Morris* v. *Stephens*, 46 Pa.
St. 200, relied on, has been overthrown, and the case of *Hun-
ter* v. *Watson*, 12 Cal. 363, cited by Washburn, is not in point,
because, when the deed in that case was made, the grantee
named was dead, and it was held that a deed to a dead man
was a nullity.   *Winslow* v. *Winslow*, 52 Ind. 8.

In speaking of the case of *Morris* v. *Stephens*, *supra*, in a
subsequent case, the court said :   " The reliance of the court
below and of this court on the former occasion, was upon the
case of *Hall* v. *Leonard*, 1 Pick. 27, a case which in its turn
was rested upon what is laid down in Perkins, section 52, that
a grant to the heirs of a person in being is void, as there are
no persons *in esse* who can take under that description.   If
the learned judge of the Supreme Court of Massachusetts
had noticed that this rule from Perkins was predicated of
incorporeal interests, which only lie in grant and are not sus-
ceptible of livery, he would not have misled us into apply-
ing it to a conveyance of land here in Pennsylvania, where
registry stands instead of livery."   *Huss* v. *Stephens*, 51 Pa.
St. 282.

The case from which we have quoted was expressly and very
emphatically approved in *Stephens* v. *Huss*, 54 Pa. St. 20.

It was held in *Hogan* v. *Page*, 2 Wall. 605, that an instru-
ment of conveyance, called a confirmation, which granted
land to the " representatives of Auguste Conde," was valid.

It, therefore, seems doubtful whether the law is as the appel-
lant assumes it to be and as it is conceded to be by the ap-

pellees, but we will not now attempt to decide that question, and shall assume, without so deciding, that the law is what counsel agree that it is.

Appellees' counsel, assuming that if the deed is to the heirs of Anna and Isaac Lyles jointly, it is void, contend that this is not a just construction, but that the proper construction is that it is a grant to Anna Lyles, and to the heirs of Isaac Lyles. This contention can not prevail. The deed on its face purports to be, and is, *prima facie,* a grant to the heirs of Anna Lyles and Isaac Lyles jointly. No other construction can be placed upon it, looking alone to the words employed, without directly violating the plain and well known rules of grammar. To make the deed properly and fully express what the appellees claim, would require us to supply a punctuation mark and an additional word. This we can not do, on the basis furnished by the language of the deed alone.

The remaining inquiry is, whether the acts of the parties gave such a construction to the deed as should protect the title in the hands of *bona fide* purchasers. It appears that possession was held by Anna and Isaac Lyles during the life of the latter; that after his death it was held by Anna, and thenceforth by her immediate and remote grantees. It appears, also, that the grantor himself caused the deed to be placed on record. These acts, in our judgment, gave a construction to the deed which makes it effectual as a conveyance. As we have said, a change in the punctuation, by adding a single mark, and one word would make the deed mean exactly what the acts of the parties have construed it to mean, that is, that it divested the appellant of title, and we think their construction, as evidenced by their conduct, should prevail, at least as against intervening third parties.

It is said to be "a rule in reading and construing deeds, that no regard is had to punctuation, since no estate ought to depend upon the insertion or omission of a comma or semicolon." 3 Washb. Real Prop., p. 628. It is also a familiar doctrine,

that, where the acts of the parties have placed a construction upon a contract, the courts will give effect to the contract as the parties have construed it. *Johnson* v. *Gibson*, 78 Ind. 282, and authorities cited p. 284; *Reissner* v. *Oxley*, 80 Ind. 580; *Willcuts* v. *Northwestern M. L. Ins. Co.*, 81 Ind. 300, see p. 311; *Ætna Life Ins. Co.* v. *Nexsen*, 84 Ind. 347 (43 Am. R. 91); *Franklin Life Ins. Co.* v. *Wallace*, 93 Ind. 7; *Vinton* v. *Baldwin*, 95 Ind. 433; *City of Indianapolis* v. *Kingsbury*, 101 Ind. 200, see p. 212 (51 Am. R. 749).

In holding that the acts of the parties performed under a written contract are admissible for the purpose of ascertaining the construction placed upon it, there is no encroachment upon the rule that contemporaneous parol evidence is not admissible to vary a written instrument, for acts done in execution of the contract are subsequent in time to the execution of the instrument, and different from mere verbal statements. In this instance, the acts of the appellant in causing the deed to be placed of record, in suffering possession to be maintained under the deed, and in permitting the land to be sold by the grantee as an owner, are utterly incompatible with the claim now asserted, and are invincibly hostile to the theory now advocated. After all these acts, and after the lapse of so many years, he can not, in justice, be permitted to affirm that the deed did not mean what his acts have so unequivocally asserted that it did mean.

Mr. Broom, translating a fundamental maxim, says: "A liberal construction should be put upon written instruments, so as to uphold them, if possible, and carry into effect the intention of the parties." Broom Max., star p. 540. Another author says: "The law, fortunately, is far from being strict in requiring any great accuracy or precision in respect to what is written, so far as the rules of grammar or orthography are concerned." 3 Washb. Real Prop. 554. By another writer it is said: "Where a deed can not operate in the way intended by the parties, it will be construed so as to operate in some

other way if possible." 2 Greenl. Cruise Real Prop. 601, section 33.

Here, a little, insignificant change, nothing more, perhaps, than the rejection of the sign of the possessive case, would make this deed operate as the grantor, by his acts, certainly declared it should operate, and we ought not to sacrifice the substantial rights of purchasers to so small a matter. If we should do so, we would make the deed inoperative, defeat the rights of intervening purchasers, and disregard the acts of the grantor; but, in upholding the deed, we do him no injustice, for it is evident that he meant to divest himself of title, and we do no more than carry that intention, so plainly manifested by his acts, into effect, and give protection to rights acquired on the faith of his deed and his acts.

Judgment affirmed.

