Filed Sept. 16, 1892.

---

No. 586.

## BEMENT *v.* CLAYBROOK.

CONTRACT.—*Construction of.—Certainty as to Subject-Matter.—Complaint.—* The plaintiff purchased of the defendant "the large cottonwood and sycamore trees on the Kentucky side of Diamond Island, the logs to be measured on the bank of the river." In pursuance of said contract, 300,000 feet of logs were cut and measured by the plaintiff, for which he paid the defendant the price agreed upon. The defendant then forbade the plaintiff to cut the remaining trees, and sold the same to

other persons. The plaintiff instituted an action for damages for the breach of the contract.

*Held*, that the contract was sufficiently definite and certain as to the subject-matter upon which it was to operate to be the basis of such an action for damages, without the averment of extrinsic matter in the complaint.

From the Vanderburgh Circuit Court.

*A. Gilchrist* and *C. A. De Bruler*, for appellant.

*G. V. Menzies* and *D. B. Kumler*, for appellee.

BLACK, J.—The appellee, Robert F. Claybrook, recovered judgment against the appellant, Charles R. Bement, for $451.50.

The appellant's demurrer to the complaint was overruled, and this ruling is assigned as error.

The complaint alleged that " on the 17th day of June, 1889, plaintiff and defendant entered into a contract, by which defendant sold to plaintiff all the large cotton-wood and sycamore trees on the Kentucky side of Diamond Island, an island in the Ohio river belonging to defendant, and in Henderson county, State of Kentucky ; that said island lies in an east and west direction in said river, and is about three miles long from the eastern to the western end thereof, and averaging one and a half miles in width, and divides said river into two branches or chutes, one branch or chute flowing on the north side and the other on the south side of the same, with the north side of said island opposite the State of Indiana, and the south side opposite the State of Kentucky, and was and is of the general shape and form of a diamond, containing about 1,200 acres of land.

" That on the date aforesaid all of said island was cleared of timber and under cultivation, except narrow strips of timber, each a quarter of a mile in width, bordering on the north and south sides respectively, and running the entire length of said island opposite respectively the States of Kentucky and Indiana.

"And it was the large cotton-wood and sycamore trees in

and on the strip of said timber on the Kentucky side of said island that the defendant sold to the plaintiff under and by said contract, for which plaintiff agreed to pay by the measurement of the logs cut from said trees on the bank of the river, one-tenth of the price plaintiff received for said logs on the bank of said river; that said contract was in writing, a copy of which is in words and figures following;

"'EVANSVILLE, IND., June 17, 1889.

"'I have this day sold to R. W. Claybrook, of Henderson county, Ky., the large cottonwood and sycamore trees on the Kentucky side of Diamond Island. The logs to be measured on the bank of the river, and he to pay for the same there at one-tenth of the price he gets for said logs on the river bank.      (Signed)      C. R. BEMENT.

·"'R. W. CLAYBROOK.'

" Plaintiff avers that at the time said contract was entered into there was standing on the Kentucky side of said island a great number of large cottonwood and sycamore trees, which would equal when cut into logs ten hundred thousand feet; that in pursuance of said contract plaintiff cut and measured on the bank of the river three hundred thousand feet of logs, for which he paid defendant the price agreed upon. That, thereupon, plaintiff was ready and willing to cut the rest and residue of said trees, and pay for the same, amounting, if measured in logs on the bank of said river, to seven hundred thousand feet, when defendant refused, and forbade plaintiff from cutting said trees, but sold the same to other persons.

" The plaintiff performed and was ready to perform all the conditions of said agreement on his part to be by him performed.

" Wherefore, by reason of the premises, plaintiff has been damaged in the sum of two thousand dollars ($2,000), for which sum he demands judgment and all proper relief."

On behalf of the appellant, it is contended that in the contract upon which the action is based there is a patent am-

biguity; and it is insisted that the words "large trees" furnish no definite standard of comparison by which to identify what was sold, and that the contract is so indefinite and uncertain as to the subject-matter upon which it was to operate that it can not be the basis of an action for damages, at least without the averment of extrinsic matter not alleged in the complaint.

Attention is directed by counsel to the want of an averment " that the words 'large trees' have any meaning whatever, either as a term of art or by the custom of the lumber trade, or of the locality where the contract was made, or that the parties intended trees of any particular size, or agreed in any form on any standard of measurement." Counsel also advert to the absence of an allegation of fraud or mistake.

When the parties reduced their agreement to writing, and signed it, and proceeded to act under it, they indicated their own belief that they had made a binding contract, and that the instrument executed by them was not an idle form of words.

If it be possible, under the mode of its presentation to the court, the contract must be construed so as to render it operative, and not void. If a lawful intention of the parties can be drawn from all the language employed in the written instrument, examined with reference to the subject and the surroundings as shown by the pleading, without contradicting or varying the written words by oral language, that intention should be effectuated.

The intention of the parties, ascertained from extrinsic facts, for the purpose of upholding an uncertain written contract, must be an intention compatible with a fair and reasonable interpretation of the written language. The parties, and not the court, must make the contract, and they must abide by the written terms employed.

If their intention can not be gathered from the written language thus explained by extrinsic facts, the contract will be held void for uncertainty; but the effort of the court

should be to ascertain the intention, if possible, by a reasonable and just construction. All this is elementary, and authorities need not be cited.

Where the language of a written contract is indefinite, ambiguous, or of doubtful construction, the practical interpretation given it by the parties in acting pursuant to it, is entitled to great, if not controlling, influence in arriving at the true intention. *Chicago* v. *Sheldon,* 9 Wall. 50 ; *Reissner* v. *Oxley,* 80 Ind. 580 ; *Lyles* v. *Lescher,* 108 Ind. 382 ; *Gaylord* v. *City of Lafayette,* 115 Ind. 423 ; *Louisville, etc., R. W. Co.* v. *Reynolds,* 118 Ind. 170.

The written contract set out in the complaint indicates a purpose to sell all the cottonwood and sycamore trees on the Kentucky side of Diamond Island, large enough to be made into logs which could be taken to the bank and there be measured as logs.

The complaint shows the location of Diamond Island, and that there was a timbered strip of a certain width on the side indicated in the contract. It is shown that all the large cottonwood and sycamore trees in this strip were sold by the contract, and that at the time of the making of the contract there were standing in the location defined in the contract large cottonwood and sycamore trees, which when cut into logs would equal ten hundred thousand feet.

The contract does not state the size of the trees sold exactly, or by mentioning a maximum, minimum, or average size. But it is alleged in the complaint, that, in pursuance of the contract, the purchaser cut and measured on the bank of the river three hundred thousand feet of logs, for which he paid the seller the price agreed upon. The trees from which these logs were made must be taken to have been trees of the kind intended by the parties in their written contract. They so treated them themselves.

It is alleged, in effect, in the complaint, that there then remained upon the timbered strip trees of the same kind as those so cut, measured and paid for, sufficient, if measured

in the same way, to make seven hundred thousand feet, and that the purchaser was ready and willing to perform his part of the contract as to these, in the same manner as he had performed it, to the acceptance of the seller, as to the other portion of the trees, and that the seller refused to perform further, and forbade the buyer from further performance, and sold to other persons the remaining portion, which both parties by their conduct under the contract had treated as trees sold to the appellee.

Enough was shown to arrive at the identity of the trees sold to the appellee of which he was deprived by the appellant.

The judgment is affirmed.

Filed June 7, 1892; petition for a rehearing overruled Sept. 17, 1892.