Filed June 22, 1894.

————————◆————————

No. 16,875.

## BOOKER ET AL. *v.* TARWATER.

DEED.—*Conveyance to Grantee's "Heirs."—When Void for Uncertainty.*
—A deed purporting to convey real estate "to Francis Carrico's heirs," Francis Carrico being alive, is, in the absence of words showing that the grantor intended the term "heirs" to mean "children," void for uncertainty, and upon the death of the grantor, without further alienation, the real estate descends to his heirs.

From the Sullivan Circuit Court.

*W. C. Hultz, W. R. Nesbit, J. T. Beasley* and *A. B. Williams,* for appellants.

*J. S. Bays,* for appellee.

McCABE, J.—The appellants sued the appellee for partition of real estate situate in Sullivan county. Upon

the issues formed there was a trial by the court without a jury; and upon proper request the court made a special finding of the facts, and stated its conclusion of law in favor of the appellee, whereon he had judgment.    It is contended that the court erred in its conclusion of law, and this is the only error assigned.

The substance of the special finding is that on January 24, 1865, Bazzle Carrico was the owner in fee-simple of the land in controversy (describing it), and that his wife Frances was living at the time; that at that time they had a son living named Francis Carrico who had three children living, named respectively, Mary J., Truston, and Frankie, aged six, four and one year, then living with their father; that on that day said Bazzle and wife made a deed purporting to convey said real estate "to Francis Carrico's heirs," which deed was duly acknowledged and filed in the proper recorder's office on the same day, by whom it was so filed being undisclosed, and it was recorded August 9th, 1867; that when said deed was so left in the recorder's office said Francis Carrico and his family, consisting of his three infant children and wife, their mother, moved upon and took possession of said lands and farmed the same, cleared parts thereof and continued to so occupy the same until April 5, 1869; that Truston Carrico died in 1875 intestate, leaving surviving him as his only heirs at law his father and mother, said Francis Carrico and wife, and his sisters, Mary J., and Frankie; that on September 5, 1875, said Mary J. Carrico intermarried with Henry Booker, and is the Mary J. Booker who is one of the plaintiffs (appellants); that said Frankie, on August 16, 1884, intermarried with the plaintiff, Robert Whitlock, and they had born to them as the only issue of said marriage one child, viz: Lizzie Whitlock, one of the plaintiffs, appellants herein; that said Frankie died in-

testate at said county in 1890, leaving as her only heirs said Robert, surviving husband, and said child Lizzie; that said Mary J., Robert and Lizzie have not, nor have either of them, conveyed any interest in said real estate to any person or persons; that on April 5, 1869, said Francis Carrico, son of said Bazzle, claiming to be the owner of said lands by virtue of said deed from said Bazzle Carrico and wife to the heirs of said Francis Carrico, executed a warranty deed, his wife joining therein, for a valuable consideration, purporting to convey said lands to Josiah Carrico, who went into possession and occupied, claiming title to said land under said deed until February 10, 1870, when he and his wife executed a warranty deed purporting to convey the same to Fountain Land; that said Land went into possession, claiming title under said deed until the 13th day of November, 1872, when he executed a warranty deed, his wife joining therein, purporting to convey the same to Josiah Carrico for a valuable consideration; that said Josiah Carrico went into possession and occupied said land under said last mentioned deed, claiming title thereunder until the 26th day of September, 1874, when he executed a deed to John Crance, his wife joining therein, purporting to convey said lands to said Crance for a valuable consideration; that said Crance went into possession and occupied, claiming to own the same by virtue of said deed, until the 23d day of August, 1875, on which day he made a warranty deed, his wife joining therein, purporting to convey said lands to William G. Carrico for a valuable consideration; that he went into possession, occupied and claimed to be the owner of said land by virtue of said deed until the 13th day of June, 1879, when he made a quitclaim deed, his wife joining therein, purporting to convey said lands to William A. Neal for a valuable consideration; that said Neal went into pos-

session thereof, and while in possession he caused an abstract of title to said lands to be made, and said Neal was advised that he did not have a good title.legally to said lands by virtue of said deed, because the deed of Bazzle Carrico and wife to the heirs of said Francis Carrico was void; that said Neal thereupon, pursuant to the advice of his attorney, for the purpose of perfecting his title to said lands and securing a good legal title thereto, procured all the legal heirs of said Bazzle Carrico, then deceased, excepting Andrew L. Carrico, James H. Carrico, Sarah E. Purcell, and Francis Carrico, to execute quitclaim deeds purporting to convey their undivided interests in said lands to said Neal; that, further, to complete and perfect his legal title to said lands said Neal, on the 13th day of June, 1879, instituted a suit against said Andrew L. Carrico, James H. Carrico and Sarah E. Purcell, heirs at law of Bazzle Carrico, deceased, in the Sullivan Circuit Court, said Neal claiming and alleging in his complaint in said suit that he and the said Andrew L. and James H. Carrico and Sarah E. Purcell were the owners of all said lands as tenants in common, the said Neal, the owner of $\frac{39}{42}$ thereof in fee, as purchaser thereof from the heirs of said Bazzle Carrico, and each of the then defendants the owner of $\frac{1}{42}$ part thereof in fee as heirs of said Bazzle Carrico, deceased; that such proceedings were had in said suit that said court adjudged said facts to be true as alleged in said complaint, and that said lands could not be divided without injury to the owners thereof, and the same were sold under the order of the court to said Neal by a commissioner appointed by the court for that purpose, who executed a deed pursuant to said sale, which was approved and confirmed by the court.    And said Neal thereupon continued in possession, occupied and claimed to own said lands by virtue of his deeds from William G.

Carrico as remote grantee of Francis Carrico, an heir of said Bazzle Carrico, from the other said heirs and widow of said Bazzle, deceased, and from said commissioner until the 22d of January, 1880, when he, said Neal, executed a warranty deed, his wife joining therein, purporting to convey said lands to John H. Driver, who took possession, occupied the same under claim of ownership by virtue of said deed from said Neal until the 30th day of May, 1882, when he executed a like deed to another, who, in like manner, took possession under said deed and occupied, claiming to own said lands by virtue thereof, and thereafter, through numerous mesne conveyances from said Neal, each grantee going into possession under claim of ownership until the 21st day of August, 1891, the then holder under said mesne conveyances executed a warranty deed purporting to convey said lands to the appellee, William Tarwater for a valuable consideration, who also took possession under said deed, and now holds possession of said lands, claiming title thereto by virtue of said deed; that each and all of said deeds were duly recorded in the recorder's office of said county within the time allowed by law therefor; that said Bazzle Carrico died in said county in 1870, and that said Francis Carrico had no grandchildren living on January 24, 1865, and no other children living than said Mary, Truston and Frankie; that said Truston at no time conveyed any interest in said lands; that said Francis Carrico died in 1886, intestate.

The conclusion of law stated upon these facts is: "That the defendant (the appellee) is the owner of the lands set out and described in the complaint, and entitled to the possession thereof, and that the plaintiffs (the appellants) take nothing by their complaint herein."

The question that lies at the threshhold of the case is, whether the deed from Bazzle Carrico to "Francis Carri-

co's heirs'' conveyed any interest in the land to anybody. Strange as it may seem, counsel for appellants simply assert in their brief that "The deed from Bazzle Carrico to 'Francis Carrico's heirs,' of date January 24, 1865, conveyed the lands in controversy to Francis Carrico's children." No authority is cited to support this proposition, nor is there any attempt to support it by argument.

Appellee's counsel seems to take it for granted that such a deed is valid, and effectual to convey title to the children of Francis Carrico, and seeks to support the conclusion of the trial court on the sole ground of adverse possession under claim of ownership in appellee and his grantors for more than twenty years prior to the commencement of the action. Ordinarily, twenty years after the right of action accrues for the possession of real estate, under the twenty years' statute, is a complete bar to such action, without such possession having been adverse. R. S. 1881, section 293; 1 Burns' R. S. 1894, section 294; *Vanduyn* v. *Hepner*, 45 Ind. 589.

But it has been held by this court that such defense does not apply to an action for partition. *Peden* v. *Cavins*, 134 Ind. 494; *McCray* v. *Humes*, 116 Ind. 103.

It has also been held by this court that twenty years' adverse possession not only bars the action for possession, but also confers as complete a title as a written conveyance, even against a tenant in common, where the tenant in possession denies the right of his cotenant and asserts a hostile title. *Bowen* v. *Preston*, 48 Ind. 367, and cases there cited.

The theory of the appellants is, we presume, that the deed to Francis Carrico's heirs vested the title in his three children, and one of them, Truston, having died in 1875, in infancy, unmarried and without lawful issue, one-half of his third of the land descended to his

father, Francis, and that thereupon the warranty deed previously executed by said Francis, by which he attempted to convey the whole of said lands to Josiah Carrico, enured to the benefit of said Josiah, vesting in him, by estoppel, that undivided one-sixth of said lands, and so on with each successive grantee down to the appellee.

It is settled law that by virtue of a warranty deed to the grantee, his heirs and assigns may, by estoppel and direct operation of law, become vested with a title acquired by the grantor after the execution of the deed. 19 Am. and Eng. Encyc. of Law, 1020, 1021, 1022, and numerous authorities there cited; *Hannah, Admr.,* v. *Collins,* 94 Ind. 201; *Locke* v. *White,* 89 Ind. 492; *Avery* v. *Akins,* 74 Ind. 283.

Whether this is the way appellants conclude that the appellee became clothed with the $\frac{4}{24}$ parts, which is one-sixth of said lands, their counsel have not seen fit to inform us. But we see no other way by which appellee can have any interest in said lands, if appellants' assumption is correct, that the deed to Francis Carrico's heirs clothed the appellants with title, unless adverse possession for twenty years clothed appellee with the whole title. But it seems to us that appellants have been altogether too generous in conceding to appellee the ownership of the one-sixth or any other portion of these lands if the deed to Francis Carrico's heirs vested the title thereto in his children.

Assuming that it did so vest the title, and conceding that the warranty deed of Francis Carrico to Josiah Carrico, attempting to convey to the latter the whole of the lands, in 1869, enured to the benefit of said Josiah and his grantees, on the death of Truston, one of the children of Francis, by which one-half of Truston's third descended to his father, said Francis, yet such principle could operate no further than the deeds in the chain of

title continued to be deeds containing covenants of warranty or warranty deeds.   The deed from Josiah Carrico to John Crance is not shown to be a warranty, and the same is true of the deed from William G. Carrico to William A. Neal.   A deed must be shown to be a warranty deed, affirmatively, before it can be held to operate as a transfer of an after acquired title.   *Nicholson* v. *Caress,* 45 Ind. 479.

A quitclaim deed can not have that effect.   *Avery* v. *Akins, supra; Graham* v. *Graham,* 55 Ind. 23; *Shumaker* v. *Johnson,* 35 Ind. 33.

If the special finding is correct and full, and appellants, by excepting to the conclusion of law, admit that it is so, and if their assumption that the deed from Francis Carrico's heirs vested in them title to the land, then they had no cause for partition against the appellee, for he owned no part nor interest in the land unless he owned it all by twenty years' possession by himself and grantors.   If he owned it all by twenty years' possession, then the appellants had no cause for partition against him.   If he did not own it all by twenty years' occupancy, and appellants' assumption be correct as to the effect of the deed of Bazzle Carrico, then appellants had no cause for partition against appellee, but rather a cause of action for possession.

As before observed, that action is easier defeated by twenty years' continuous possession than it is to defeat a suit for partition by such possession.   That may account for the seeming too great generosity of appellants in planting their suit on the theory that appellee owned one-sixth interest in the land and asking partition instead of bringing an action for possession.

The conclusion we shall reach as to the effect of the deed from Bazzle Carrico, makes it wholly unnecessary to decide whether the facts found make a case of twenty

years' adverse possession in appellee and his grantors, thereby vesting in him title, and what effect his grantor's purchase of the supposed outstanding title from the widow and heirs of Bazzle Carrico had upon the adverse character of such possession as against appellants, so ably presented in their brief; nor need we decide whether the facts found make a case of no tenancy in common, and hence whether the twenty years' statute of limitations applies and bars all right of appellants. If the deed from Bazzle Carrico to Francis Carrico's heirs was not effectual to convey title, then the title remained in Bazzle, and, at his death, descended to his heirs, his widow and children, and if that is the case, the appellee's remote grantor, William A. Neal, as the special finding shows, purchased and received conveyances through deeds from the adult heirs and by a partition sale and conveyance of the interests of the minor heirs of said Bazzle in and to all of said lands. At all events it is sufficient to say that if that deed was invalid then appellants have got no title, and have no right to complain no matter what the conclusion was.

It was held by this court, in *Winslow* v. *Winslow*, 52 Ind. 8, that a deed to the heirs of a living person to take effect immediately, exactly such a deed as the one here involved, was void.

In *Lyles* v. *Lescher*, 108 Ind. 382, ELLIOTT, J., speaking for the court, seriously doubted the correctness of the decision in *Winslow* v. *Winslow, supra*, remarking that some of the authorities on which it was founded had since been overthrown, and others were not in point, but left the question open for future consideration without deciding it.

Afterwards, in *Outland* v. *Bowen*, 115 Ind. 150, MITCHELL, J., in speaking for the court, directly affirmed the doctrine of *Winslow* v. *Winslow, supra*.

In the still later case of *Tinder* v. *Tinder*, 131 Ind. 381, it was held, by ELLIOTT, J., speaking for the court, that this court was committed to the doctrine laid down in *Winslow* v. *Winslow, supra,* the court saying: "But while it may be true that we are committed to the rule stated, it is also true that the court has manifested a purpose to restrict rather than enlarge its operation." Citing *Lyles* v. *Lescher, supra.*

The court then goes on to hold that where there are any other words in the deed from which it may be inferred that the grantors did not use the word heir or heirs in its strict technical legal sense, or that indicate that children were thereby intended, then the rule does not apply, and that effect will be given to the apparent intent. But here there are no other words in the deed to indicate any other intention on the part of the grantor than that he used the word "heirs" in its strict legal sense. He may have meant children, and he may have meant heirs. This makes it wholly uncertain as to who the grantees were. If he had used words in addition indicating that he meant children by the word "heirs," that would have been certain enough, but he might have meant heirs in the legal signification of the word. If he did, then in addition to the fact that a man can not have heirs while he lives, it would always remain a matter of great uncertainty who the man's heirs would be until he dies. So that if he meant heirs in the legal signification of the word, it was void for uncertainty, and because he could have no heirs while he lived. But, as we do not know whether he meant heirs, in the legal signification of the word, or children, the deed is equally void for uncertainty in the grantee.

It follows from what we have said, that the legal title to the lands in controversy was conveyed to the appel-

lee, and that the appellants have no title whatever, and the conclusion of law to that effect was correct.

The judgment is affirmed.

