[No. 28. Decided March 8, 1890.]

THE COLUMBIA & PALOUSE RAILROAD COMPANY v. WM. P. FARRINGTON.

RAILROADS — SETTING OUT FIRES — INSTRUCTIONS.

In an action against a railroad company for setting fire to the premises of the plaintiff, an instruction that "If an expert testifies that he operated the locomotive at that time with due care and thought, and it was so constructed that it would not set fire as thus operated, and the jury believe from the evidence that it actually did set fire at that time, the jury are to consider which of these proofs they will believe, the former or the latter," is erroneous, because it in effect instructed the jury that the only question in dispute was the setting out the fire, and that if they believed the fire was set out by the engine, they must find for the plaintiff.

*Appeal from District Court, Whitman County.*

The facts are sufficiently stated in the opinion.

*W. W. Cotton,* for appellant.

There was no particle of evidence in this case of negli-

gence. No one testified as to any negligent construction or management of the engine. There can be no recovery against railroad companies, in the absence of negligence, for fires set out, "though they fire every rod of the country through which they run." *Phil. etc., R. R. Co. v. Schultz,* 93 Pa. St. 341. The first part of the instruction as to presumption is clearly erroneous. *Hall v. Sacramento V. R. R. Co.,* 14 Cal. 387; *Burroughs v. Housatonic R. R. Co.,* 13 Conn. 124; *Pittsburg, etc., R. R. Co. v. Hixon,* 110 Ind. 225 (32 Am. and Eng. R. R. Cas. 374) ; *Atchison, etc., R. R. Co. v. Stanford,* 12 Kan. 354; *Sheldon v. Hudson R. R. R. Co.,* 14 N. Y. 218; *Ruffner v. Cincinnati, etc., R. R. Co.,* 34 Ohio St. 96; *Penn. R. R. Co. v. Yerger,* 73 Pa. St. 121; *Reading, etc., R. R. Co. v. Latshaw,* 93 Pa. St. 449. The last part of the instruction practically told the jury that if they believed that the fire was set out by the engine they must find for the plaintiff. This instruction clearly lays too much consideration upon the fact of the fire. Woods on Railway Law, p. 1343; *Toledo, etc., R. R. Co. v. Larmon,* 67 Ill. 68. Where fire starts upon the right-of-way of the company and then spreads to adjacent property, it has been held that the complaint should allege negligence in permitting the fire to spread from the right-of-way, and the evidence should prove such fact. *R. R. Co. v. McBrown,* 13 Am. and Eng. R. R. Cas.; *Pittsburgh, etc., R. R. Co. v. Culver,* 60 Ind. 469; *Atchison, etc., R. R. Co. v. Dennis,* 32 Am. and Eng. R. R. Cas. 318.

The opinion of the court was delivered by

DUNBAR, J. — This is an action brought by appellee against appellant for causes shown in the complaint, which was as follows:

"The plaintiff alleges that the defendant was and now is a corporation organized under the laws of Washington Territory, and was and is the owner of a certain railroad, known as the Columbia and Palouse Railroad, together with the tracks, cars and engines thereunto belonging.

That during the two months prior to the commencement of this action plaintiff was the owner of and in the possession of a growing crop of corn and grass and certain trees, situated on the land of the plaintiff and on the line of said railroad, in Whitman county, Washington Territory, between the towns of Farmington and Garfield, in said county. That defendant, by its servants, and not regarding its duty in that respect, so carelessly and negligently ran and managed its said locomotive engines that the same emitted and dropped from themselves large and frequent numbers of sparks and hot cinders in and upon the land adjacent and contiguous to the track of said railroad, thereby setting fire to the dry grain and vegetation growing, and extending the fire to the land belonging to plaintiff, and destroying the crops and fruit trees of the plaintiff on his said land then and there growing, to his damage," etc.

The answer of the defendant denied each and every allegation set forth in plaintiff's amended complaint except the allegation of incorporation and ownership of the road as therein set forth. There was testimony introduced by the plaintiff tending to show that on the said 27th day of August, fire originated on the right-of-way of said railroad company, and was communicated to the premises of plaintiff where said damages were alleged, and that plaintiff's property was destroyed by said fire as alleged; and that said fire was seen to break out on said right-of-way within two or three minutes after the passage of the train.

Witness Randall, called by defendant, testified as follows:

" I was the engineer in charge of the engine going from Colfax to Farmington from which this fire is alleged to have escaped on the 28th day of last August. I have had eleven years' experience as a railroad engineer and am thoroughly acquainted with all the modern improvements and applications used now days and approved by the best equipped railroad operators for the prevention of the escape of fire. That the engine in my charge on said day was equipped with the best known appliances used for the prevention of the escaping of fire, and that it was handled and managed by me on said day and on said trip in a careful and skillful manner, and that I saw no fire escape whatso-

ever.   It was impossible for fire to escape on said day from said engine."

At the conclusion of the testimony the court, refusing certain instructions asked for by counsel for the defense, gave to the jury the following instructions, which were unqualified by any other:

" If the defendant owned the road upon which the locomotive ran, and that the locomotive did set fire as alleged, the presumption is that it was the negligence of the owner of the road, and this presumption continues until the contrary appears from the evidence."

"If an expert testifies that he operated the locomotive at that time with due care and thought, and it was so constructed that it would not set fire as thus operated, and the jury believe from the evidence that it actually did set fire at that time, the jury are to consider which of these proofs they will believe, the former or the latter."

These instructions are assigned as error by the defendant; and the defendant claims that viewed in connection with the testimony, the court, in the last instruction, in effect, instructed the jury that the only question in dispute was the setting out the fire, and if they believed that the fire was set out by the engine they must find for the plaintiff.

It seems to us that the instructions might reasonably bear this construction, which would manifestly not be the law.   At all events the language employed by the court is so confused and uncertain in its meaning that it is misleading, and it was error for the court so to instruct.

As this is decisive of the case it is not necessary for us to pass upon the question whether or not the court erred in refusing to give the instruction asked for by the defense, or whether or not the court correctly stated the law as to the presumption of negligence in the first paragraph of said charge or instruction.

The judgment of the court below is reversed.

ANDERS, C. J., and HOYT, STILES and SCOTT, JJ., concur.