96   641
101   544
101   564
101   788
96   641
f104  382

96   641
110   567

## Richmond.

WARING AND OTHERS v. WARING AND OTHERS

JANUARY 12, 1899.

Absent, Cardwell and Riely, JJ.

1. WILLS—*Case in Judgment—Vested Remainders.*—A devise to a son "dur-
   ing his natural life, and at his death to his children," creates a vested
   remainder in each of the children, and is unaffected by a subsequent
   clause of the will devising the estate over in the event of the death of
   the son without lineal descendants living at his death, the son having
   left such descendants.
2. CONSTRUCTION OF WRITTEN INSTRUMENTS—*Technical Words—Words of
   Definite Signification—Children.*—Technical words in a will are presumed
   to have been used technically, and words of a definite legal significa-
   tion are to be understood as used in their definite legal sense unless
   the contrary appears on the face of the instrument. The word
   "children" has a definite legal signification, and, when not coupled
   with other words, generally means issue in the first degree.

Appeal from a decree of the Circuit Court of Essex county
pronounced March 2, 1897, in a suit in chancery wherein the
appellee, Rosalie A. Waring, suing by her next friend, was
the complainant, and the appellants and others were the
defendants.

*Affirmed.*

*Evans & Evans*, for the appellants.

*Ware & Carter*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

By clause fifth of the will of Captain William L. Waring, he devised to his son, Robert Payne Waring, during his natural life, and at his death to his children, the lands sought to be portioned in this suit. The devisee had eleven children, of whom five survived him, four died in infancy without issue; one, G. Wortley Waring, who, after arriving at the age of maturity, died without issue, leaving a widow, the complainant in this suit, upon whom, prior to his marriage, he had settled the estate which he took under his grandfather's will; and one William L. Waring, who died during the life of his father, leaving a widow and five children.

It is conceded that under that clause of the will, standing alone, the children of Robert Payne Waring took a vested remainder of one eleventh each, but it is contended that when that clause is considered in connection with the thirteenth clause, it should be construed as giving the land to Robert Payne Waring for life, and at his death to his lineal descendants living at the time of his death.

The thirteenth clause is as follows: "In case any of my children should die leaving no lineal descendants living at the time of their respective deaths, then it is my will that their respective portions of all the property hereinbefore devised and bequeathed to them respectively shall be equally divided between my surviving children and the lineal descendants of such as may be dead, the descendants to take such part as their ancestors would have taken if alive."

The word "children" has a definite legal signification, and, where no other words are joined with it, it has in general no other meaning but issue in the first degree. 2 Minor's Inst. In order that it may be construed to mean lineal descendants of a more remote degree, there must be something on the face of the will to show that it was so intended, for no rule is better settled than that technical words are presumed to be used technically, and that words of a definite legal signification are to be understood as used in their definite legal sense, unless the con-

trary appears on the face of the instrument.  *Nye* v. *Lovitt*, 92 Va. 710, 713–14, and authorities cited.

It seems to us that the purpose, and the only purpose, of the testator, by clause thirteen, was to make a further disposition of the property given by former clauses of his will to such of his children as might die leaving no lineal descendant at the time of their deaths, respectively.  But, if a child died leaving a lineal descendant, the property given him, whether he took the whole or a lesser estate therein, passed according to the terms of such bequest or devise, and as if the will did not contain clause thirteen.  But whatever may have been the object of the testator by clause thirteen, there is nothing in it, or any other portion of the will, to show that the word " children," in the fifth clause, was used in any other than in its well defined technical sense.

We are of opinion, therefore, that each of the children of Robert Payne Waring took a vested remainder of one eleventh each in the lands devised to their father for life; that upon the death of the infant children their interests were inherited by their father (Code, sec. 2548); and that complainant, the widow of G. Wortley Waring, acquired his interest under the marriage settlement made upon her.

The Circuit Court so held, and its decree must be affirmed.

*Affirmed.*