## Staunton.

BRETT AND ANOTHER v. DONAGHE'S GUARDIAN.

September 17, 1903.

Absent, Buchanan, J.*

1. WILLS—*Construction—Case in Judgment.*—A testator, by his will, directs that the share of his estate falling to his son shall be held by his executors in trust for the joint use and benefit of his son and wife and children, expressing his purpose "to provide a home for the family during the life of his said son and his wife, and the survivor of them, and at the death of the last survivor to divide the trust fund among their descendants by stocks." At the time of the testator's death, the family of the son consisted of the son and his wife and four infant children. At the time of the son's death, his remaining family consisted of his widow and one daughter, and there was one grandson living out of the State. The grandson claimed to share with the widow the income of the trust subject accruing during her life.

*Held:* The grandson has no interest in the income of the trust fund during the lifetime of the widow.

2. WILLS—*Construction—Children—Wife and Family.*—The word "children" has, in general, no other meaning but issue of the first degree, unless there be something on the face of the instrument to manifest a contrary intention; and, while "family" sometimes has a very broad signification, "wife and family" generally means wife and children.

Appeal from a decree of the Circuit Court of Augusta county, pronounced June 6, 1903, in a suit in chancery pending in said court, in which suit appellants and appellee filed their respective petitions asserting claims to the fund in controversy.

*Reversed.*

The opinion states the case.

*Ker & Kerr,* for the appellants.

*H. J. Taylor* and *R. P. Bell,* for the appellee.

*Judge Buchanan was detained at home by sickness.

KEITH, P., delivered the opinion of the court.

The decree appealed from in this case construes the will of
W. W. Donaghe, Sr., who died in 1873, leaving considerable
estate.  By the fifth clause of his will, he directed that "the
share falling to my son, William W. Donaghe, shall be held by
my executors in trust for the joint use and benefit of my said
son and wife and children; it being my purpose to provide a
home for the family during the life of my said son and his wife
and the survivor of them, and at the death of the last survivor,
to divide the trust fund among their descendants by stocks.  It
is my desire that my executors, as trustees of this fund, shall
have the largest discretion as to the investment of the principal
from time to time, and as to the application of the income, or
the use of the property; having in view always the preservation
of the principal fund, in such manner as in their judgment will
best promote the comfort, respectability, and happiness of my
said son and his family."

At the date of the testator's death in February, 1873, the
family of William W. Donaghe, Jr., consisted of himself, wife,
and four infant children, all of whom were living with him ex-
cept his daughter, Ellie.  Of this family, as thus composed,
there now survive Lucy J. M. Donaghe, the widow of W. W.
Donaghe, Jr., and Ellie.

Anna Gray Donaghe married a Mr. Snow, removed to Wash-
ington, and died intestate and without issue.

Everett Donaghe, the only son of W. W. Donaghe, Jr., re-
moved to Colorado, married, and died some years ago, leaving
a widow and infant to survive him.  His widow has since mar-
ried, and his child still survives.

Mary D. Donaghe married one Mahlo, from whom she was
divorced *a vinculo*, and subsequently married one Edward S.
Gaunt, of the State of New York.  Mary has since died with-
out issue, leaving a will, by which she bequeathed her whole
estate, including what was due and to become due under the

will of W. W. Donaghe, Sr., her grandfather, to one Kate C. Neilson. The interest acquired by Kate C. Neilson under the will of Mary B. Gaunt was ascertained and determined in the case of *Neilson* v. *Brett*, reported in 99 Va. 673, 40 S. E. 32.

It was seen that by the fifth clause of the will the share falling to W. W. Donaghe, Jr., is to be held by the executors in trust for the joint use of his son and his son's wife and children; the purpose being, as declared by the testator, to provide for the family during the life of his son and his wife and the survivor of them, and at the death of the last survivor, to divide the trust fund among their descendants by stocks. It thus appears in plain and unmistakable language that the trust fund is to remain undivided during the joint lives of the son and his wife and the survivor of them, and during that period it is to be administered for the joint use and benefit of the son and his wife and their children.

It is well established by the authorities that the word "children" has in general no other meaning but issue in the first degree, unless there be something on the face of the will to manifest a contrary intention on the part of the testator. As was said by Judge Buchanan in *Waring* v. *Waring*, 96 Va. 641, 32 S. E. 150: "The word 'children' has a definite legal signification, and where no other words are joined with it, it has in general no other meaning but issue in the first degree. In order that it may be construed to mean lineal descendants of a more remote degree, there must be something on the face of the will to show that it was so intended, for no rule is better settled than that technical words are presumed to be used technically, and that words of a definite legal signification are to be understood as used in their definite legal sense, unless the contrary appears on the face of the instrument." *Moon* v. *Stone's Ex'r*, 19 Gratt. 130; Jarman on Wills, p. 156.

There is nothing upon the face of this will which manifests a contrary intent. Indeed, the context rather strengthens the ordinary construction given to the word "children," for in the

first sentence of the fifth clause the testator declares "that the share falling to his son shall be held in trust for the joint use and benefit of his son and wife and children," while in the next succeeding clause, when he goes to deal with the distribution of the trust fund after the death of his son and wife, he directs that "it shall be divided among their descendants by stocks."

This construction is in harmony with the opinion in *Neilson* v. *Brett, supra.*

Nor do we think that the infant son of Everett Donaghe, deceased, can participate in the income of the trust fund under the fifth clause, as a member of the family of W. W. Donaghe, Jr., deceased.

It is true that the word "family" has a variety of meanings and applications, which may include an entire household, all descended from a common stock, their husbands and wives. *Pigg* v. *Clarke,* 3 Ch. D. 672. When one speaks of a wife and family, he means his wife and children (*Phillips* v. *Ferguson,* 85 Va. 509, 8 S. E. 241, 1 L. R. A. 837, 17 Am. St. Rep. 78), but it would be a very elastic definition which would embrace the infant son of Everett Donaghe, who removed to the State of Colorado, and was married, and where his infant child was born, and has since resided.

What we have said, of course, applies only to the right of the grandchild as the heir at law of his father to share in the trust fund until the period of distribution arrives, and is not intended to prejudice whatever interest he may have in the *corpus* of the estate.

We are of opinion that the Circuit Court erred in holding that the infant son of Everett Donaghe was entitled to one-third of the income arising from the trust fund created under the fifth clause of the will.

For the foregoing reasons, the decree of the Circuit Court of Augusta county must be reversed.

*Reversed.*