# Staunton.

## ROBERSON v. WAMPLER, GUARDIAN & OTHERS.

### September 14, 1905.

1. DEEDS—*Construction—Technical Words—Intention Otherwise Manifest.*—
While technical words are presumed to have been used technically,
and words of a definite legal significance are to be understood as used
in their definite legal sense, yet if other expressions are used in the in-
strument in conjunction with such technical words which plainly in-
dicate an intention not in accord with such technical signification, the
intention will control the legal operation of the words.

2. DEEDS—*Construction—"Heirs" May Mean Children—Case in Judgment.*—
Where, from the language of a conveyance to the "heirs" of a living
person, and the circumstances surrounding its execution, it appears
that the grantor, in using the work "heirs," meant children, it will be
so construed, although the word "heirs" is a technical word, having a
definite legal signification, and, when unexplained and uncontrolled
by the context, would be controlled by its strict and legal import.  In
the case in judgment the grant was to the heirs of a living person,
describing their place of residence, and was made in consideration of
natural love and affection, and required the grantees to support and
maintain the grantor and his wife during life and contained other evi-
dence that the word heirs was intended to mean children.

3. DEEDS—*Construction—Intention.*—In deeds as well as in wills the inten-
tion of the maker of the instrument, as gathered from all of its parts,
must prevail, unless that intention is contrary to law.

4. DEEDS—*Support of Grantor—Excessive Payments by one Grantee—Contribu-
tion—Parties.*—Where separate deeds are made to several grantees,
each in consideration of the support of the grantor and his wife, one of
them who has not done more for the support of the grantor and his
wife than his deed required of him has no right to implead the others
for a failure to comply with the terms of their conveyances as to such
support.   And even where such a suit is proper, after the death of the
grantor leaving his widow surviving, the widow and personal repre-
sentatives of the grantor are necessary parties.

Appeal from a decree in chancery of the Circuit Court of Wise county in the suit of *Wampler, Guardian,* v. *Smith.* The bill was filed to enjoin the defendant from cutting and removing timber from a tract of land in the bill mentioned, which was claimed as the land of complainant's ward. Into this suit came the appellants by petition, and claimed an interest in the said tract of land, and asked to be made parties, and to have their rights protected. The claim asserted by the petitioners rendered it necessary for the court to construe the deed copied in the opinion. At the hearing, the petition aforesaid was dismissed, and from this decree petitioners appealed.

*Affirmed.*

*Ayers & Fulton,* for the appellants.

*Bond & Bruce,* for the appellees.

Buchanan, J., delivered the opinion of the court.

The principal question involved in this case is whether the word "heirs," as used in the deed under which the parties to this controversy claim, was employed in its technical sense, or as meaning "children." The language of the deed, omitting the description of the land conveyed, is as follows:

"This deed made this April 25, 1902, between James Robertson and Nancy, his wife, of the county of Wise and State of Virginia, of the first part, & & John B. F. Robertson heirs, of the county of Letcher and State of Ky., of the second part.

"Witnesseth: That for and in consideration of the natural love and affection they have for their sd. son & especially for his heirs & for the further consideration of the *preformance* of the agreement *herfb* to be written on their part, doth grant, bargain and sell unto the heirs of the sd. John B. F. Roberson, a certain tract or parcel of land, lying & being in the county aforesaid on the waters of Pound river. . . .

"To have and to hold the said heirs of John B. F. Roberson forever, and it is also agreed and becomes a part of this contract that the said heirs of John B. F. Roberson shall take it is also agreed the said heirs of John B. F. Roberson is furnish timber to keep up the line fence so far as it binds on the other heirs of James Roberson care of or cause to be taken care of said James Roberson and Nancy, his wife, for and during their natural lives by furnishing them with food and raiment, washing and bedding such as will be fit and becoming to persons of this age and as the customs of the country, and for the performance of the said service the said grantors doth hereby retain a lien on the said premises, and the said James Roberson and *Nany*, his wife, for themselves and their heirs doth covenant with the said heirs of John B. F. Roberson that they will warrant generally the premises hereby conveyed."

At the time of the execution of the deed John B. F. Roberson was living.

It is a well settled rule of construction that technical words are presumed to be used technically unless the contrary appears upon the face of the instrument, and that words of a definite legal signification are to be understood as used in their definite legal sense. *Nye* v. *Lovitt,* 92 Va. 710, 713-14, 24 S. E. 345, and authorities cited; *Warring* v. *Warring,* 96 Va. 641, 32 S. E. 150; *Britt* v. *Donaghee,* 101 Va. 786, 788, 45 S. E. 324. But where other expressions are used in conjunction with such technical words which plainly indicate what the intention was, and that such intention was not in accordance with the technical signification, the intention will control the legal operation of the words. 2 Minor's Inst., 1114-15 (1st Ed.); 1 Jarman on Wills, 61, and note (Bigelow's Ed.); *Wooten* v. *Redd,* 12 Gratt. 196, note to Michie's Ed. citing cases; *Tibbs* v. *Duval,* 17 Gratt. 349.

The word "heirs" is a technical word having a definite legal signification, and, when unexplained and uncontrolled by the context, must be interpreted according to its strict and technical

import, and in this sense it designates the person or persons appointed by law to succeed to the real estate in cases of intestacy. But where, from the language of the instrument and the circumstances surrounding its execution, it appears that the maker in using the word "heirs" meant children, it will be so construed. This it is conceded is so as to wills, but it is insisted that a different rule prevails as to deeds, and cases are cited to sustain the contention that a *deed* made to the "heirs" of a living person is void, although words are used in conjunction therewith which show that the word was not used in its technical sense, but as meaning chilren. *Hall* v. *Leonard,* 1 Pick. 27; *Hileman* v. *Bouslaugh* (Penn.), 53 Am. Dec. 478; *Morris* v. *Stephens,* 46 Penn. 400; *Winslow* v. *Winslow,* 56 Ind. 8.

Whatever may have been the rule of decision in the earlier cases of the States of Massachusetts, Pennsylvania and Indiana, the later decisions seem to have modified the rule—the weight of authority and the better reason is in favor of the rule that in deeds as well as in wills the intention of the maker of the instrument, as gathered from all its parts, must prevail.

In *Heath* v. *Hewitt,* 127 N. Y. 166, 27 N. E. 959, 13 L. R. A. 46, 24 Am. St. Rep. 438, where by statute the courts are required to give effect to the intention of the maker in constructing deeds as well as wills, it was held that where from the language of the deed and the circumstances surrounding its execution it appears that the grantor in using the word "heirs" meant children, it will be so construed, and effect thus given to the instrument, notwithstanding the general rule that a conveyance to the heirs of a living person is void for uncertainty. In this respect the court declared there was no difference between wills and deeds. *Seymour* v. *Bowles* (Ill.), 50 N. E. 122. See 13 Cyc. 660, note 87 citing cases.

No decision of this court has been cited by counsel, nor have we found one in our investigation, in which the precise question involved in this case was raised and decided. But the rule of construction in this State, independent of statute, is that in deeds as well as in wills the intention of the parties must prevail, unless that intention is contrary to law.

In the early case of *Hawkins* v. *Berkley,* 1 Wash. 204, 206, it was said that agreements are always to be construed according to the evident intent of the parties appearing from the deed itself without a rigid adherence to the letter." And this reasonable and just rule has ever since been recognized as the correct rule for interpreting written instruments. 2 Minor's Inst., 1113-1116 (1st Ed.); *Stace* v. *Bumgardner,* 89 Va. 420, 16 S. E. 252.; *Temple* v. *Wright,* 94 Va. 338, 340, 26 S. E. 844; *Lindsay* v. *Eckels,* 99 Va. 668, 671, 40 S. E. 23; *White* v. *Sayers,* 101 Va. 821, 828, 45 S. E. 747.

In the case of *Stace* v. *Bumgardner, supra,* it was said by Judge Lewis, in delivering the opinion of the court, where it was insisted that a different rule applied in the construction of wills from that which prevailed as to deeds and other contracts, that "there is, however, no material difference in principle, in the rules of interpretation, between wills and contracts, except what naturally arises from the different circumstances of the parties. No technical language is necessary to create a trust either by deed or will, and in both classes of cases the object of the judicial expositor is the same, namely, to discover *the intention* which is to be gathered in every case from the general purpose and scope of the instrument in the light of surrounding circumstances."

Applying the foregoing rules of construction to the deed under consideration, it is reasonably certain that the word "heirs" was not used technically but as synonomous with children, a sense in which it is frequently used in common language, especially by unlettered people as the scrivenor in this case evidently was.

It appears from the record that on the same day the deed under consideration was made the grantor executed two other conveyances, and a few days afterward another, by which he partitioned and conveyed his real estate to three of his children and the heirs of his other child, in consideration of natural love and affection, with a requirement that the grantees in the deed

should support and maintain the grantor and his wife during their natural lives. A consideration of natural love and affection for the grantees in the deed implies that they were living persons for whom he cherished affection, and not persons unknown or perhaps not in being as the grantees might be if the word "heirs" was used in its technical sense. *Fountain Coal Co.* v. *Beckleheimer,* 102 Ind. 82, 1 N. E. 202, 52 Am. Rep. 645. Again, the provision in the deeds that the grantees should care for, support, and maintain the grantor and wife, or cause that to be done, necessarily implies that they were living persons since the deeds took effect upon their delivery, and the duty to support and maintain at once commenced.

The grantees in the deed in question are described as being "of the county of Letcher, and State of Kentucky," where John B. F. Roberson resided, again indicating that the word heirs was used in the sense of children, and not in its technical sense since the grantor could not know who would be the possible heirs of John B. F. Roberson.

The deed further provides that the grantees shall "furnish timber, and keep up the line fence so far as it binds on the other heirs of James Roberson" (the grantor). There can be no question that the grantor used the word "heirs" in this connection in the sense of children, for he himself was then living, and had no heirs.

In the other deeds made on the same day to his daughters, the grantor makes use of the same expression again, unmistakably indicating that the word was not used in its technical sense.

Construing the deed as a whole, we are satisfied that the manifest intention of the grantor was to convey the property to John B. F. Roberson's children, and not to his heirs in the technical sense of that word, and that the Circuit Court did not err in so holding.

The appellants assign as error the action of the Circuit Court

in failing to provide in its final decree that the person to whom the tract of land in controversy belonged should contribute his proportion of the maintenance and support of the grantors in said deed.

This assignment of error is, we think, without merit. The pleadings in the case do not properly put that question in issue. Unless the appellants had done more for the support and maintenance of the grantor and his wife than their conveyance required them to do, they had no right to implead the appellee's ward for a failure to comply with the terms of the conveyance to her as to such support and maintenance. Again, the necessary parties were not before the court. The grantor in the deed was dead, and neither his personal representative nor his widow, the principal parties interested in that controversy, was a party to the suit.

The decree appealed from must be affirmed.

*Affirmed.*