CASE 101—EQUITY—JANUARY 10.

# Tucker, &c., v. Tucker, &c.

### APPEAL FROM KENTON CHANCERY COURT.

Real estate is conveyed by deed to M. A. T. and the heirs of J. C. T. The word "heirs" is synonymous with children, and has the same effect as if the children of J. C. T. were specially mentioned in the deed. Such was evidently the intention of the grantor.

J. G. CARLISLE AND STEVENSON & O'HARA FOR APPELLANTS.

1. The assignment of errors is sufficient. (O'Reagan v. O'Sullivan, 14 Bush, 184.)
2. One not a party to a deed takes no present interest.
3. The intention of the grantor is the controlling element.

CHAS. EGINTON FOR APPELLEE, FOSTER TUCKER.

The word "heirs" in the deed means children. (Harper v. Wilson, 2 Mar., 466.)

JAS. C. WRIGHT FOR SAME APPELLEE.

1. The assignment of errors is insufficient. (Maxwell v. Dudley, 14 Bush, 303 ; O'Reagan v. O'Sullivan, 14 Bush, 184.)
2. Persons not *in esse* may sometimes take by way of remainder, but never *in presenti*.
3. The intention of the grantor must control in the construction of a deed, and its natural and legal meaning given it. (Williamson v. Williamson, 18 B. M., 371; Carroll's heirs v. Carroll's heirs, 12 B. M., 641; 2 Black. Com., pp. 180, 208; Webb & Harris v. Holmes, 3 B. M., 404; Foster v. Shreve, 6 Bush, 520; Carr and wife v. Estill, 16 B. M., 309; Cesna v. Cesna, 4 Bush, 516; Turner v. Patterson, 5 Dana, 296; Walters, &c., v. Crutcher, 15 B. M., 10; Fittman v. Butts, 8 Bush, 120 ; Spurren's heirs v. Parker, 16 B. M., 284.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

This case submits for consideration the following clause of a deed, to-wit:

"Know all men that William Hunt, of the county of Washington and state of Mississippi, in consideration of eight thousand eight hundred and eighty-nine dollars (being thirty-four dollars per acre); two thousand nine hundred

and sixty-three dollars to be paid on the first day of March, 1858, by John C. Tucker, and the remainder, two thousand nine hundred and sixty-three, on the first day of March, 1859, and two thousand nine hundred and sixty-three dollars on the 1st day of March, 1860, both bearing interest from date, and for which two last-mentioned sums a lien is reserved, doth hereby bargain, sell, and convey to Martha Ann Tucker and the heirs of John C. Tucker, their heirs and assigns forever, the following real estate," &c.

At the time of this conveyance Martha Ann Tucker was the wife of John C. Tucker, and they had then living two children, Foster and Rachel Tucker. Martha Ann Tucker died, leaving the two children and her husband. John C. Tucker again married, and by this marriage had one child, Virginia Tucker; and, on his death, leaving the three children and the second wife surviving him, this action was instituted for a construction of the deed, and, on the court below holding that the children of the first wife (Foster and Rachel) were entitled to the whole of the land in controversy, this appeal was taken.

We are of the opinion that the word heirs, where the conveyance speaks of the heirs of John C. Tucker, should be taken as synonymous with children, and to have the same effect as if the names of the then living children (Foster and Rachel) had been mentioned in the deed. An absolute estate was vested, *in presenti*, in Martha Ann Tucker and her two children, Foster and Rachel. The words "their heirs and assigns forever" are meaningless, unless such was the intention of the party who made the conveyance. So construed, Martha Ann Tucker and her two children, Foster and Rachel, were joint tenants, and, at the death of Martha Ann Tucker, Foster and Rachel Tucker held two thirds of

the land by deed, and the other third by inheritance from their mother, and they take the whole property on the death of the mother.

The cases of Webb & Harris v. Holmes, &c. (3 B. M., 405), and Foster v. Shreve, &c. (6 Bush, 519), relied upon by counsel for appellants, seem to have proceeded upon the idea that the claimants were not parties to the conveyances, because not mentioned in the captions to the deeds. In each case the caption specifies the parties, vendors and vendees, by name, not mentioning in the caption those claimants who, in the body of the deed, are denominated heirs. The case here presented is different. There is no formal caption, and the conveyance purports to be from Hunt to Martha Ann Tucker, and to such persons as come under the term "heirs of John C. Tucker." Their identification is complete, and they are as much parties to the deed as Martha Ann Tucker, or as if mentioned by name.

The fact that John C. Tucker paid a portion of the purchase money cannot alter the construction. His intention does not enter as an element into the construction of the deed from Hunt; but if it did, the will of John C. Tucker clearly manifests that he understood that the deed from Hunt vested the land in his children, Foster and Rachel. He wills the bulk of his estate to his last wife and to his daughter Virginia, and assigns as a reason that Foster and Rachel are the owners of the home place (the land in controversy), and that the disposition made by him will equalize the children.

Judgment affirmed.