# Wikle *v.* McGraw.

*Bill in Equity by Purchaser, for Specific Performance.*

1. *Contract to convey; what estate implied; specific performance.*—A contract to convey land, not specifying any particular estate or interest, implies an unincumbered and indefeasible estate in severalty : but, if the entire estate or fee was not in the party so undertaking to convey, and has not since been acquired by him, a court of equity will not decree specific performance, unless the acquisition of the absolute estate by him was within the contemplation of the parties.

2. *Conveyance to daughter "and her children," or "heirs of her body."* Under a conveyance by deed of gift, "in consideration of my affections, and the further consideration of the support and well-being of my daughter, S. F. and her children," two then living, and others born afterwards; "to her and her bodily heirs, to have and to hold to her and her bodily heirs, for their use and benefit forever," with covenants of warranty "to her and her bodily heirs;" the daughter does not

[Wikle v. McGraw.]

take an estate-tail, which the statute converts into an absolute estate (Code, § 1825), but she and her children take equal interests as tenants in common.

APPEAL from the City Court of Anniston, in equity.

Heard before the Hon. B. F. CASSADY.

The bill in this case was filed on the 23d June, 1887, by J. L. Wikle, against Mrs. S. F. McGraw and her husband, D. D. McGraw; and sought the specific performance of a contract for the sale and conveyance of a tract of land by them to him. The contract between the parties, as reduced to writing and signed by the defendants, was dated May 12th, 1887, and in these words: " *Whereas,* J. L. Wikle has this day paid the undersigned forty dollars, the receipt whereof is hereby acknowledged, we, S. F. McGraw and D. D. McGraw, her husband, do hereby grant the said J. L. Wikle the full and exclusive right to purchase from us, within the next thirty days, the following described property: all that property deeded by Charles J. Cooper to the said S. F. McGraw on the 14th February, 1884, . . and on which we now reside, except that portion we have already disposed of by deed to H. H. Badders; and we further agree that the terms of said purchase shall be as follows: one-third cash, one-third in one year, and the balance in two years, so as to make the sum of thirty thousand dollars; and that the amount paid as above, to-wit, $40, shall be taken as a part of the purchase-money of said lands. Witness our hands," &c. By subsequent agreement, indorsed on the writing, the time was extended "to and including June 18th."

The bill alleged that, on the 18th June, complainant tendered to defendants $10,000, the stipulated cash payment, and also tendered a deed to be executed by them; that they refused to accept the money, and refused to execute the deed. The defendants, in their answer, admitted their refusal to sign the deed tendered to them by the complainant, and said that they refused because it contained covenants of warranty, whereas they had contracted to convey by quit-claim only such interest as Mrs. McGraw had in the land. They set up other defenses also, which require no notice. On final hearing, on pleadings and proof, the City Court dismissed the bill; and its decree is assigned as error.

GORDON MACDONALD, for appellant.

BROTHERS, WILLETT & WILLETT, *contra.*

[Wikle v. McGraw.]

McCLELLAN, J.—A contract to convey land, without any specification of any particular title or interest intended to be passed, must be held to refer to an unincumbered and indefeasible legal estate in severalty.—*Goodlett v. Hansell*, 66 Ala. 151. If, however, the entire fee is not in the party who thus undertakes to transfer it, and has not been since the execution of the contract, equity will not decree specific performance, unless, indeed, the acquisition of the absolute estate by the defendant is practicable, and was in contemplation of the parties when the contract was entered into.—*Fitzpatrick v. Featherstone,* 3 Ala. 4; *Goodlett v. Hansell,* 66 Ala. 151; *Moses v. McClain,* 82 Ala. 370, 374; 3 Pom. Eq. § 1405. It is, therefore, a material inquiry in all cases, where the specific performance of a contract to convey is sought, whether the party contracting to convey has the estate in, or title to, the land which he covenanted to pass into the complainant.

In the present case, the contract, under the principles we have adverted to, bound the defendants to the conveyance of a fee-simple absolute estate in the land described. One of the defenses relied on and sustained in the court below was, that S. F. McGraw did not own such estate, but that, on the contrary, she held in the land only an undivided interest in common with her children. In support of this contention, reliance is had upon the deed of Charles J. Cooper, from whom whatever interest the defendant has in the land is derived. This deed, omitting its merely formal parts and its description of the subject-matter, is in the following language: " I, C. J. Cooper, for and in consideration of my affections, and the further consideration of the support and well-being of my daughter, S. F. McGraw, and her children, I do hereby give, grant and convey unto said S. F. McGraw (wife of D. D. McGraw), and to her bodily heirs, the following described real estate, . . . to have and to hold to her, the said S. F. McGraw, and her bodily heirs, for their use and benefit forever; and I will forever warrant and defend the title to the same to the said S. F. McGraw and her bodily heirs, against all persons whatsoever." S. F. McGraw had two children at the date of the execution of this deed, and two have since been born to her; all of whom are still living. And the question is, whether the intention evidenced by the instrument was to vest title in the mother and her children (whether those *in esse* only, or including those after-born also, is not material), or to create a life-estate in the mother, with remainder over to the heirs of her body. If the former construction is to obtain, S. F. McGraw took only an undivided interest, in common with either two or all of her children, in the land conveyed, and, of course, can not

[Wikle v. McGraw.]

convey the fee in the whole, as the contract on its face requires, and as the complainant now demands. If the latter is the true interpretation of the instrument, an estate-tail would be created, which, by the terms of our statute, is avoided as to the entailment, and converted into an absolute fee-simple in S. F. McGraw, a conveyance of which by her would fill the terms of her contract, as here sought to be enforced.—Code, § 1825.

We are unable to distinguish this deed, in the particular under consideration, from some of those construed by this court in former adjudications, in which the terms "heirs of the body," and "bodily heirs," in the granting and *habendum* clauses, have been held to be synonymous with "children." The considerations for the present deed are declared to be the grantor's "affections" for, and "the support and well-being of" his daughter, Mrs. McGraw, *and her children.* It is not reasonable to suppose that the grantor, moved solely by his affections for his daughter and her children, and evidencing in his declaration of the motives which actuated him his purpose to provide for her and their support and well-being, and no other purpose whatever, should nevertheless, in the body of the deed, not only have failed to make provision for the present support and well-being of his grandchildren, but, instead, undertook to make provision for distant generations of their descendants—a purpose in no wise foreshadowed in the instrument. It is, to our minds, much more reasonable to conclude, that the purpose throughout was to make provision for Mrs. McGraw and her chilldren, and that to this end, and for the purpose of designating "children," the term "bodily heirs" was employed by the draughtsman of the paper, who does not appear to have known the legal significance of the words used. There is no other way to give effect to the grantor's declared purpose; and we accordingly hold the conveyance was to Mrs. McGraw and her children as tenants in common.—*Fellows v. Tann,* 9 Ala. 999; *Powell v. Glenn,* 21 Ala. 459; *Williams v. McConico,* 36 Ala. 22; *Robertson v. Johnson, Ib.* 197; *May v. Ritchie,* 65 Ala. 602.

The bill was properly dismissed, therefore, because Mrs. McGraw did not have the title she contracted, as insisted by complainant, to convey, and which the bill seeks to compel her to convey. This conclusion, in which the final action of the City Court finds justification, renders it unnecessary to consider the remaining assignments of error. If error was committed, in any particular, it was without injury to the appellant, since in no event would he have been entitled to the relief prayed.

The decree of the City Court is affirmed.