[Edins v. Murphree.]

# Edins *v*. Murphree.

*Bill in Equity Seeking Construction of Deed.*

1. *Significance of term "bodily heirs," when used in conveyance.*
   Where a conveyance is made to a person and her "bodily
   heirs," such instrument conveys to such person a fee simple
   in the lands conveyed, unless a contrary intention on the
   part of the grantor appear on the face of the instrument.

2. *Same.*—The words "bodily heirs," in their ordinary legal sig-
   nificance, are taken to mean the issue of the body of a person
   in all generations to the end of time, rather than as meaning
   "children," as the first generation of issue of such person's
   body.

3. *Dismissal of bill for want of equity; possibility of amendment
   no ground for retention against.*—The possibility that a bill
   in equity which shows a want of equity, could be amended so
   as to give it equity, affords no ground for its retention against
   a motion to dismiss.

APPEAL from Chancery Court of Coffee County.

Heard before the Hon. W. L. PARKS.

This is a bill in equity filed by appellants, Richard
Edins, Will Edins, Henry Edins and Lee Edins, a minor
by his next friend, Richard Edins, against Joel D. Mur-
phree, for the division of a certain piece of land in Cof-
fee County. The bill alleged that complainants are the
children of one Nancy Edins, grantee in a certain deed
by which the said parcel of land sought to be divided
was conveyed to her by G. B. Flowers, grand-parent of
complainants, the provisions of which said deed are set
out in the opinion of the court. And it is further alleged
in said bill that it was the intention of the said Flowers
to convey by said conveyance a joint ownership in said
parcel of land to each of the complainants and Nancy
Edins, the complainants, being at that time the bodily
heirs of Nancy Edins; and that the said Nancy Edins
and her husband afterwards being indebted to respond-
ent attempted by a deed in proper form to convey the
whole of said parcel of land to respondent, and that, as

a matter of fact, said Nancy Edins only owned one-fifth interest in said land.

The respondent demurred to said bill on the ground that it showed on its face that the complainants had no interest in said land, and that the deed set out in the bill governed in arriving at the grantor's intentions and not the allegation of intention (without more) in the bill. Respondent also moved to dismiss said bill for want of equity. The chancellor rendered a decree dismissing the bill for want of equity. From this decree complainants appeal, and assign the rendition thereof, and the failure of the court to allow complainants to amend, as error.

J. F. SANDERS and SOLLIE & KIRKLAND, for appellants. Cited *Sullivan v. McLaughlin*, 99 Ala. 64; *Fellows v. Tann*, 9 Ala. 999; *Powell v. Glenn*, 21 Ala. 459; *Williams v. McKenzie*, 36 Ala. 22; *Robertson v. Johnson*, Ib. 197; *May v. Ritchie*, 65 Ala. 622; *Slayton v. Blount*, 93 Ala. 577; *Lee v. Moore*, 105 Ala. 435; *Campbell v. Noble*, 110 Ala. 382.

The court should not have dismissed the bill without giving the right to amend. It cannot be asserted by a mere reading of the bill and the deed in question, that no facts existed which could have given the bill equity. *Kyle v. McKenzie*, 94 Ala. 239; 3 Brickell's Dig., 379, § 197.

FOSTER, SAMFORD & CARROLL, *contra.*—The words "bodily heirs" are uniformly construed as words of inheritance and not of purchase.—*Varner v. Young*, 56 Ala. 260; *Smith v. Greer*, 88 Ala. 414; *Slayton v. Blount*, 93 Ala. 575; *Wilson v. Alston*, 122 Ala. 630.

It is only where there is some other expression in the conveyance taken with the attendant facts and circumstances, all of which show that it was intended to be used as a word of purchase or grant and not of inheritance that it will have that meaning.—*Slayton v. Blount supra; May v. Ritchie*, 65 Ala. 602; *Sullivan v. McLaughlin*, 99 Ala. 60.

McCLELLAN, C. J.—The question in this case is whether the *children* of Nancy Edins living at its date, took as tenants in common with her under the following deed: "Know all men by these presents that we, G. B. Flowers and wife Elizer Flowers, for the love and affection that we have for our daughter Nancy Edins and her bodily heirs, do grant and convey unto the said Nancy Edins, and her bodily heirs the following described lands, to-wit: (description) to have and to hold to her own use and bodily heirs, and we, G. B. Flowers and wife Elizer Flowers, for ourselves, heirs or assigns, will warrant and defend the above named lands unto said Nancy Edins, her heirs and assigns, against the lawful claims of all other persons." If the words "bodily heirs" as employed in this conveyance are to be given their ordinary, legal significance the estate is a fee simple in Nancy Edins—that is at common law it would have been an estate tail in her which our statute converts into a fee simple. Those words are to be taken in that sense—to mean the issue of the body of Nancy Edins in all generations to the end of time, rather than as meaning her children, the first generation of issue of her body—unless it can be said to appear *upon the face of the instrument* that the grantor intended by their use to designate the *children* of the said Nancy. We are unable to find any such thing in the writing. There is nothing in the situation and relations of the parties as disclosed in the writing—and beyond the writing in a case of this character we cannot look even for the circumstances attending its execution—that is inconsistent with a purpose on the part of the grantors to convey a fee tail, or a fee simple to their daughter Nancy Edins, and the word "children" is not employed at all. In this respect the case is radically different from that of *Wilke v. McGraw,* 91 Ala. 631, relied on by appellants, and fails to measure up to any case in which this court has construed the words "bodily heirs," or "heirs of the body" to mean children.—*May v. Ritchie,* 65 Ala. 602; *Slayton v. Blount,* 93 Ala. 575; *Wilson, et al. v. Alston,* 122 Ala. 630.

This was the view taken by the chancellor; and upon it he properly dismissed the bill for want of equity. The

possibility that the bill could be amended so as to give it equity afforded no ground for its retention against the motion to dismiss.—*Seals v. Robinson,* 75 Ala, 363; *Gardner v. Knight,* 124 Ala. 273; *Tait v. Mortgage Co.,* 132 Ala. 193, 199, 200; *Turner, et al v. City of Mobile,* 135 Ala. 73, 130.

Affirmed.

Tyson, Simpson and Anderson, J. J., concurring.

