### E. F. Bowles, Executor, Appellant, v. Ida Seymour et al., Appellees.

1. PLEDGES, § 24*—*rights of pledgor in equity.* Though ordinarily when property is pledged as collateral security for a debt,

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

the pledgor has no interest in the property until after the payment of the indebtedness, and in an action to recover it before the debt is paid it is necessary to either aver a tender or an offer to pay, a court of chancery is not required to arbitrarily so hold but in the exercise of its equitable powers may determine what the rights of the parties are and protect them in its decree.

2. CREDITORS' SUIT, § 7*—*when fraudulent conveyances may be set aside to enforce collection of a judgment held as collateral security.* On creditors' bill to set aside certain conveyances as fraudulent for the purpose of enforcing the collection of a judgment held by one of the defendants as collateral security for certain notes, a decree setting aside the conveyances and allowing the complainant the amount due on the judgment less the amount due on the part of the notes, *held* erroneous in so far as it failed to allow an offset against the judgment of the amount of all the notes.

Appeal from the Circuit Court of Montgomery county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the October term, 1912. Affirmed in part, reversed in part and remanded with directions. Opinion filed October 16, 1913. Rehearing denied December 3, 1913.

J. H. ATTERBURY and PAUL McWILLIAMS, for appellant.

LANE & COOPER and HILL & BULLINGTON, for appellees.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

On January 20, 1896, in her lifetime, Susan Bowles recovered a judgment against Ida Seymour, one of the appellants, for $1,179.37. Susan Bowles in her lifetime, on August 1, 1896, became indebted to one Rebecca Culp in the sum of $2,000, for which she gave her two notes drawing seven per cent. interest, and Susan Bowles at that time claiming to have an interest in the fee to real estate sought now to be reached by the creditors' bill filed in this cause made and executed a mortgage on this real estate to Rebecca Culp to secure the payment of these two notes for $1,000 each. These two notes were assigned to B. F. Culp

---

*See **Illinois Notes Digest, Vols. XI to XV**, same topic and section number.

by Rebecca Culp on the day they bear date. Some question having been made as to the title which Susan Bowles had in the real estate in question, she, for the purpose of better securing the payment of the $2,000 to B. F. Culp, assignee of the notes, assigned to him as additional security therefor the judgment recovered January 20, 1896, against Ida Seymour for $1,179.37. The Supreme Court determined that Susan Bowles held but a life estate in the real estate which she had mortgaged to Rebecca Culp. [172 Ill. 521.] On February 9, 1900, Susan Bowles made and executed to B. F. Culp another note for $150, drawing seven per cent. interest, and on February 24, 1902, executed to him another note for $50, drawing interest at seven per cent.

Ida Seymour, against whom Susan Bowles recovered the judgment, at the time of the recovery of the judgment had an interest in the fee to the lands in question and on February 11, 1903, more than seven years after the recovery of the judgment of Susan Bowles, and after the lien of the judgment had expired, with her husband, James R. Seymour, conveyed her interest in these lands by quitclaim deed to William L. Seymour, a brother of her husband, for the recited consideration of one dollar. On February 25th following, William L. Seymour quitclaimed the same lands to James R. Seymour, the husband of Ida Seymour, with a stated consideration of one dollar; these deeds were executed for the purpose of transferring the title of Ida Seymour to her husband. On April 6, 1903, the judgment in favor of Susan Bowles against Ida Seymour was revived. On September 5th following, James R. Seymour and wife quitclaimed these lands back to William L. Seymour for a consideration of $4,000, and on September 10th, following, William L. Seymour and wife executed a mortgage thereon to James R. Seymour to secure this $4,000. These con-

veyances and transactions were all made without the payment of any money between the parties. In April, 1904, the notes executed by Susan Bowles to B. F. Culp were still unpaid, and Susan Bowles assigned to B. F. Culp her life estate in the premises with the power to collect rents and profits and apply the same on the notes which he held against her. He collected part of these rents and credited them on the notes. Susan Bowles died March 6, 1906, and appellant, B. F. Bowles, was made executor of her last will and testament. On January 20, 1908, B. F. Culp assigned and transferred to James R. Seymour, the husband of Ida Seymour, the four notes executed by Susan Bowles.

The bill in this case was filed March 25, 1908. It alleges that the conveyances between Ida Seymour, James R. Seymour and William L. Seymour were fraudulent and void, and should be set aside for the purpose of permitting the collection of the judgment secured by Susan Bowles against Ida Seymour. The chancellor held the conveyances fraudulent and void as against this judgment and found that at the date of the decree rendered there was $2,139.63 due to the complainant as executor of Susan Bowles on this judgment. The decree also found that on the two notes for $1,000 each, made by Susan Bowles to Rebecca Culp and held by James R. Seymour, there was a balance due of $1,325.03, and decreed that after allowing these sums to James R. Seymour, the appellant as executor of the last will and testament of Susan Bowles was entitled to receive the balance. By that decree the court refused to allow James R. Seymour to offset the amount due upon the two notes of $150 and $50.

After the assignment to B. F. Culp of the life interest of Susan Bowles in the premises in question, Culp rented this land, and at the time he assigned these four notes to James R. Seymour one instalment of rent due for the use of these premises by the tenant, amounting to $280, was not then paid. Although

this amount had not been paid to Culp by the tenant, he, upon demand of Seymour, credited the note with this amount. The court by its decree did not allow this credit.

This appeal is prosecuted by the executor of the last will and testament of Susan Bowles from that decree, and insists that the court erred in allowing James R. Seymour any credit for the notes held by him against the judgment recovered by Susan Bowles in her lifetime.

At the time of the filing of the bill in this cause the judgment recovered by Susan Bowles was then held by James R. Seymour as collateral security to secure the notes which he had obtained from B. F. Culp by assignment. The bill filed by complainant to set aside the conveyances and subject the lands in question to the payment of the judgment recovered by Susan Bowles, and which was held by James R. Seymour as collateral, does not contain in any averment offering to pay to James R. Seymour whatever sum, if any, might be due him by reason thereof; neither does the bill aver any tender of the amount due on these notes.

Appellees insist that while the judgment was pledged as collateral and the indebtedness for which it was so pledged unpaid, the judgment was not an asset belonging to the estate of Susan Bowles, and entered a motion in the trial court asking the court to restrain further prosecution of that suit. This motion was overruled and it is insisted that the court erred in overruling this motion and in permitting the prosecution of the suit.

Appellees also insist that the court erred in finding a decree in favor of the complainant, and in decreeing that defendants or any of them should pay any amount upon said judgment; also insisting that the court erred in refusing to allow James R. Seymour to offset against this judgment the $150 and the $50 notes assigned by B. F. Culp to him. Appellees have assigned cross-errors covering these questions.

This being a creditors' bill by complainant to subject these lands to the payment of a debt due from Ida Seymour, it was incumbent upon complainant to show that the conveyances were fraudulent and made with the intention to hinder and delay the collection of the judgment in favor of Susan Bowles. For the purpose of establishing this proof, complainant placed James R. Seymour upon the stand for the purpose of showing there was no consideration for these conveyances, but on cross-examination he testified that the conveyance from his wife to him was made to repay money advanced by him for her musical education, under a promise to repay him, that he had expended $2,500 in this behalf, and that the conveyance of this property was made to reimburse him therefor. Complainant having placed Mr. Seymour upon the stand to prove no consideration, opened for the cross-examination the question as to what consideration there was, if any, and these matters were properly permitted to be brought out upon cross-examination of the witness. But it is evident that the court who heard this testimony and saw the witness on the stand did not give much credence to it, for he disregarded it, and under the rule that where a chancellor has heard the evidence and made his finding regarding the same, it should not be lightly disturbed by this court unless this court can say that the finding is clearly and manifestly against the evidence; we are not so convinced and we are not inclined to disturb his finding that the conveyances were fraudulent as against this judgment. While we are aware that ordinarily when property is pledged as collateral security for a debt the pledgor has no interest in the property until after the payment of the indebtedness for which it is so pledged as collateral, and in an action to recover it before the debt is paid it is ordinarily necessary to either aver a tender or an offer to pay, a court of chancery is not required to arbitrarily so hold but in the exercise of its equitable powers may determine

what the rights of the parties are and protect them in its decree.

We are of the opinion that the court properly held that the conveyances were fraudulent as against any sum which then remained due on this judgment, but a party seeking the aid of a court of equity must be required to do equity and the chancellor properly granted to James R. Seymour the right to have the two $1,000 notes, together with the interest due thereon, offset against this judgment and there is no error in the decree in that regard. Appellant has not been injured by the decree rendered, and as to him it should be affirmed. But upon the question of the cross-errors assigned by appellees as herein before stated, it is the general rule that in property or assets pledged as collateral security to another, the pledgor has no interest therein, and no right to bring any action thereon, until the indebtedness for which it is pledged is paid, this rule is not so iron clad and imperative that a court of chancery will not determine and adjust the rights of parties in the property pledged.

The record discloses that Mrs. Bowles agreed that this judgment should be held as collateral security not only for the two $1,000 notes, but also for the $150 and the $50 note, and it is of no concern either to her or her estate what James R. Seymour paid to Culp for the transfer of these notes to him. He is entitled to offset as against the judgment, the entire amount of these notes, together with all interest due thereon.

The chancellor erred in not permitting James R. Seymour to offset the $150 and the $50 notes as against this judgment. The executor of Mrs. Bowles could obtain no greater interest in this judgment than she had at the time of her death, he stands in her place, he has whatever rights she had and no more.

We are of the opinion that the decree of the trial court is proper in all respects with the exception that James R. Seymour should also have been given credit as against this judgment for the $150 and the $50

notes, together with the interest due thereon; and for the error of the chancellor in not allowing these credits the decree will be reversed upon the cross-errors, and remanded with directions to enter a decree allowing James R. Seymour credit for the four notes, together with interest thereon. Decree affirmed in part and reversed in part and remanded with directions.

*Affirmed in part, reversed in part and remanded with directions.*