# CHARLESTON.

HARRY H. HICKEL et als. v. ABIE STARCHER et als.

Submitted February 14, 1922.   Decided February 21, 1922.

1. DEEDS—*Deed to the Heirs of Living Person Held Void for Uncertainty as to Grantees.*

   A deed executed by a father and mother and purporting to convey land to the lawful heirs of their son, in consideration of love and affection and with knowledge on the part of the grantors, at the date of execution thereof, that the son was then living on the land, had living children and was dissipated and neglectful of his family, is void for uncertainty as to the grantees.  (p. 370).

2. SAME—*Deed to "Lawful Heirs" of Vendor's Son Held Not to Vest Title on Theory That the Terms Meant "Children."*

   Such a deed does not vest title to the land described by it in the children of the son, living at the date of the execution thereof, nor in them and the children afterwards born to the son, upon the theory that the terms "lawful heirs," mean "children."    (p. 370)).

3. SAME—*Technical Word in Deed or Will is Presumed to have been used in its Technical Sense.*

   A technical word used in either a deed or a will is presumed to have been used in its technical sense, and must be allowed effect in conformity therewith, in the absence of terms or provisions of the instrument containing it, which,    of themselves or with the aid of admissible facts and circumstances revealed by extrinsic evidence, disclose intent and purpose, on the part of the grantor or testator, to use it in a different sense.    (p. 374).

Error to Circuit Court, Roane County.

Action by Harry H. Hickel and others against Abie Starcher and others in ejectment. Judgment for plaintiffs, and defendants bring error.

*Reversed and remanded.*

*Geo. F. Cunningham* and *S. P. Bell,* for plaintiffs in error.
*Harper & Baker,* for defendants in error.

POFFENBARGER, PRESIDENT:

The judgment in ejectment in favor of two of the plaintiffs, to which this writ of error goes, is based upon a deed the validity of which is seriously questioned. If it is invalid and passes no estate, the judgment is erroneous, and there is no right of recovery. If, on the other hand, it is valid, several questions arise for our determination.

Dated February 10, 1896, and executed by B. H. Hickel and wife, it purports to convey 70 acres of land to the lawful heirs of C. C. Hickel, the then living son of the grantors, who then had two sons living and to whom four other children were afterwards born. The parties to it are described in the caption, as the grantor and his wife, by name, and "the lawful heirs of C. C. Hickel," all of Roane County, West Virginia. The consideration recited was "love and affection." At the date thereof, C. C. Hickel resided on the tract of land conveyed or attempted to be conveyed, and the grantors knew he then had two children and that he was dissipated and neglectful of his family.

On Sept. 16, 1901, the same grantors, evidently under the impression that the deed was void, executed another conveying the same land to C. C. Hickel who, by a deed dated, Dec. 23, 1901, conveyed it to J. F. Haught, for a recited consideration of $630.00. J. F. Haught was a married woman represented in the purchase of the land by her husband. She and her husband were both dead at the date of the commencement of this action. Her possession from the date of her deed, until her death and of her heirs ever since, is admitted. The action was brought against a tenant of her heirs and they came in and caused themselves to be admitted as defendants. Recovery was allowed by the two sons of C. C. Hickel, who were in being at the date of the deed of February 10, 1896, upon the theory that it passed the title to them and that their right is not precluded by the statute of limitations, nor otherwise.

In the absence of a statute changing the common law rule of construction, a deed purporting to convey real estate to the heirs of a living person is void for uncertainty. This

is the uniform holding of the courts in all jurisdictions. *Kepler* v. *Castle*, 281 Ill. 444; *Duffield* v. *Duffield*, 268 Ill. 29; *Life Ins. Co.* v. *Hoppin*, 249 Ill. 406; *Johnson* v. *Calvert*, 260 Mo. 412; *Booker* v. *Tarwater*, 138 Ind. 385; *Winslow* v. *Winslow*, 52 Ind. 8; *Outland* v. *Bowen*, 115 Ind. 150; *Morris* v. *Stephens*, 46 Pa. St. 200; *Huss* v. *Stephens*, 51 Pa. St. 282; *Hall* v. *Leonard*, 1 Pick. (Mass.) 27; *Campbell* v. *Everhart*, 139 N. C. 503. This proposition is not denied, but it is insisted that the words "lawful heirs of C. C. Hickel," used in the deed, when properly interpreted with the aid of their context and in the light of extrinsic facts disclosed by the oral evidence, mean the children of C. C. Hickel, living at the date thereof.

If effectuation of the intent of the grantor in such a deed, as indicated by its terms read in connection with facts and circumstances revealed by extrinsic evidence, requires the reading of the word "heirs," as if it were "children," the courts everywhere so read it and sustain the deed. *Buford* v. *North Roanoke L. & I. Co.*, 90 Va. 418; *Roberson* v. *Wampler*, 104 Va. 380; *Commonwealth* v. *Wellford*, 114 Va. 372; *Heath* v. *Hewitt*, 127 N. Y. 166; *Seymour* v. *Bowles*, 172 Ill. 521; *Tharp* v. *Yarbrough*, 79 Ga. 382; *Tinder* v. *Tinder*, 131 Ind. 381; *Wikle* v. *McGraw*, 91 Ala. 631; *Brasington* v. *Hanson*, 149 Pa. St. 289; *Read* v. *Fite*, 8 Hump. (Tenn.) 328; *Grimes* v. *Orrand*, 2 Heisk. (Tenn.) 298; *Tucker* v. *Tucker*, 78 Ky. 503.

There is lack of uniformity in the decisions, however, as to the extent and character of the evidence required to give the word "heirs" an untechnical signifification and make it mean "children." According to some of them, disclosure by the deed, of the fact that the person to whose heirs it purports to have conveyed the land *in praesenti*, was living at the date thereof, is deemed to be sufficient. *Grimes* v. *Orrand*, cited, *Tharp* v. *Yarbrough*, cited; *Heath* v. *Hewitt*, cited. This holding is exceptional and clearly contrary to an overwhelming weight of authority. While verbally admitting the rule the decisions utterly ignore it, in operation and effect. If proof of knowledge of the single fact named, on the part of the grantor, takes a deed out of the rule, it could

seldom apply, for such deeds nearly always pertain to close relatives who, presumptively, are well known to the grantor. These decisions are directly in conflict with that of *Morris* v. *Stephens,* 46 Pa. St. 200, in which the court said: ''The *heirs* of a living man! We might get over this absurdity by substituting *children* for heirs; but would we then express the grantor's meaning? He may have really meant those who would turn out to be heirs, whether then living or not, whether children or grandchildren, brothers or cousins, and then it would be a grant to take effect in future to uncertain persons, and therefore void. Shall we say children living at the date of the deed? His use of the word *heirs* indicates that he meant more than this. Shall we confine it to them in order that the deed shall not fail of effect altogether? Then we force the intention in order to give effect to the deed, instead of executing it according to intention.'' The reasoning in that case, as in many others, makes it manifest that the contrary decisions mentioned overlook or disregard one of the bases of the rule, uncertainty. It stands upon two, impossibility of heirs of a living person, in the technical sense of the term, and uncertainty as to whether ''heirs'' can be read ''children,'' and, if so, whether only living children of the named ancestors are contemplated, or all of them, the unborn as well as the living.

In every other case here cited as holding the word ''heirs'' to mean ''children,'' there was something in the terms of the deed, that clearly manifested intent on the part of the grantor, to use it in that sense. In some instances, the deeds interpreted, granted lands to certain persons and their heirs, or their heirs by their husbands or wives. *Tinder* v. *Tinder,* 131 Ind. 381; *Brasington* v. *Hanson,* 149 Pa. St. 289; *Tucker* v. *Tucker,* 78 Ky. 503; *Wikle* v. *McGraw,* 91 Ala. 631; *Seymour* v. *Bowles,* 172 Ill. 521; *Davis* v. *Hollingsworth,* 113 Ga. 210; 84 A. S. R. 233. In none of these instances could the deed have been held to be wholly void, for it had one clearly designated grantee. The inquiry was whether there were additional grantees, and, in most of the cases last above mentioned, there were terms plainly expressing intent to use ''heirs'' in the sense of ''children.'' In *Tinder* v. *Tinder,* the

grant was to Sarah A. Tinder and the heirs of Simeon Tinder by Sarah A. Tinder, his wife. Such heirs would necessarily be children of Simeon, the husband. In *Brasington* v. *Hanson,* the grant was to a mother and her heirs, four of whom, children, were named. In *Seymour* v. *Bowles,* the grant was to Susan Bowles and "her minor heirs." The rank indicated applies to children and not to heirs. In *Wikle* v. *McGraw,* the grant was to a woman and "her bodily heirs," who were necessarily her children. In *Tucker* v. *Tucker,* there were no such terms, but the grant was to a woman "and the heirs" of her husband, and the court were of the opinion that the word "heirs" meant their joint heirs, or children, In *Davis* v. *Hollingsworth,* the grant was to a woman and her children, if she should have any, with a provision for reverter to the grantor, if she should not. Though she afterward had children, it was held that they took no title and that she took a qualified or conditional fee simple title to the land.

In point of actual decision, the Virginia cases give no greater latitude than is here indicated, although *dicta* in some of the cases may go beyond it. In *Roberson* v. *Wampler,* 104 Va., 380, annotated in 1 L. R. A. (N. S.) 318, there was involved a deed to the heirs of John B. F. Roberson, upon a covenant or condition that they should support the grantors, for and during their natural lives. As the instrument evidenced an agreement between the grantees and grantors, the former must have acted in their individual capacity, and thus identified and connected themselves with the deed. By imposition of the covenant or condition. the deed pointed out and identified the children as the grantees. Besides, the grantors, at the same time, divided all of their other lands among their other children by conveyances. In *Buford* v. *North Roanoke L. & I. Co.,* 90 Va. 418, Campbell and wife conveyed land to Filson, who, a month later, conveyed it to their "lawful heirs." That the word "heirs" meant their children, was admitted in the pleadings. The immediate heirs of a husband and wife are necessarily their children. In *Com.* v. *Wellford,* 114 Va. 372, a will, not a deed, was involved, and the clause in con-

troversy devised an estate in remainder to the heirs of the testator's two brothers. They were to take in the event of the death of all of testator's children under the ages of 21 years and without issue, subject to a life estate in his wife, and they were living at the date of the will. The court held that the context and circumstances disclosed intent to give the contingent remainders to the children of the two brothers. As the brothers might have survived all of the testator's children and the ending of their estates and thus left the fee in abeyance, if it was the intention to give it to their heirs, it is clear that the testator intended no such result and that it was his intention that the children of the brother should take it.

Although in some of the cases herein referred to, as having relaxed the rule or departed from it, stress is laid upon the liberality of the rules applied in the construction of wills and a modern tendency to relaxation of some of the technical rules applicable in the construction of deeds, it may safely be said that, upon the inquiry for the sense in which technical words are used, there is no such distinction as has been supposed in some of these cases. In wills as well as in deeds, technical words are presumed to have been used in their technical sense. *Collins* v. *Feather,* 52 W. Va. 107; *Baer* v. *Forbes,* 48 W. Va. 208; *Findley* v. *Findley,* 11 Gratt. 434; *Bobinson* v. *Allen,* 11 Gratt. 785; 2 Min. Inst. 4th Ed. 1055; 2 Jar. Wills, 585. None of these technical rules pertaining to deeds, that have been relaxed have any application to the ascertainment of the sense in which words are used, unless they are defined with reference to formal parts of the deed, in which they are used. In none of the cases here cited did the meaning of the word "heirs" depend in any sense, upon its location in the deed. Hence, it was subject to the same rule of presumption that obtains in the construction of wills.

That the deed may purport to grant an estate *in praesenti* does not distinguish it, in any way, from others of its class. It is the usual form of expression and, if the grantors meant what they said in the granting clause, it does not necessarily effect a grant *in praesenti.* The words "unto said heirs" may

make it a grant *in futuro*. That the grant was made in consideration of love and affection has no direct bearing upon the question of ilentity of the grantees. The love and affection may have been for the son. Expression thereof does not indicate whether the grant was to children then in being or to them and such as might afterwards come into being, or the grandchildren, in the event of the death of some or all of the children, leaving issue surviving them. There must be a degree of certainty in a deed, as to vital matters such as parties and subject matter. The phrase, ''Of the County of Roane'' etc., used in description of the parties, may apply to C. C. Hickel as well as to his heirs. Grammatically, it qualifies ''Hickel.'' Moreover, it is a merely formal expression, having no special significance. Nor do the facts that, at the date of the deed, Hickel resided on the land, had two children and was dissipated and neglectful of his family, tend to relieve the deed of its uncertainty. Impossibility of determination of the question, whether the children living at the date of the deed, or they and the four afterward born, were the intended grantees, is of itself sufficient to condemn and invalidate the deed, on the ground of uncertainty. It is uncertain both as to who were to take under it and when they were to take.

Our conclusion is that the deed is void and that the trial court erred in its refusal of a peremptory instruction to find for the defendants, in giving a virtually peremptory instruction to find for two of the plaintiffs and in overruling the motion to set aside the verdict. The judgment will be reversed, the verdict set aside and the case remanded.

*Reversed and remanded.*