# CHARLESTON.

I. NEWTON TRAGER, *etc. v.* D. W. CHAPMAN *et als.*

## (No. C. C. 357)

Submitted November 10, 1925.   Decided November 17, 1925.

1.   DEEDS—*Deed Held to Create Life Estate in Grantee.*

A case where a deed described the grantees:   (1)   In the caption as "Mattie A. Chapman, and her surviving heirs, to-wit: her husband and children";   (2)   in the granting clause, as "the said Mattie A. Chapman, and her heirs, (to-wit) her husband and children, surviving her in life"; and   (3)   in the habendum thereof, as "the said Mattie A. Chapman, and her heirs as designated herein".   *Held,* a life estate is vested and created thereby in Mattie A. Chapman. (p. 414.)

(Deeds, 18 C. J. § 283.)

2.   SAME—*Any Language in Conveyance Sufficiently Showing Grantor's Intention Held Sufficient to Create Life Estate.*

No particular words are necessary to create a life estate; any language in the conveyance which sufficiently shows the grantor's intention will suffice.   (p. 417.)

(Deeds, 18 C. J. § 283.)

3.   SAME—*Intention of Parties Will be Effectuated in Construing Deed Unless Contrary to Law.*

In construing deeds, as well as wills, the purpose is to ascertain the intention of the parties, and when the intention is thus ascertained it will be effectuated, unless it contravenes some principle of law.   (p. 415.)

(Deeds, 18 C. J. § 198.)

(NOTE:   Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Suit by I. Newton Trager, etc., against D. W. Chapman and others to enforce a lien of a judgment against certain land. After sustaining a demurrer to complainant's bill, the court certified its action for review.

*Ruling affirmed.*

*Thos. P. Ryan* and *Grover F. Hedges,* for plaintiff.
*S. P. Bell,* for defendants.

WOODS, JUDGE:

The circuit court of Roane county, after sustaining the demurrer to the bill, certifies its action here for review.

On August 31, 1903, Edward L. Bill and wife executed a conveyance to Mattie A. Chapman conveying eight acres. At the time of the conveyance Mattie A. Chapman was married and had eight children. Shortly after one of the children died without issue. On October 2, 1903, I. Newton Trager, trading, etc., obtained a judgment against Mattie A. Chapman for the sum of $147.96, which judgment was duly recorded and executions have been issued on said judgment from time to time. On the same day Sharp & Dohnie obtained a judgment for $146.16.

April 9, 1920, Mattie A. Chapman died, intestate, leaving her husband and seven children. This suit was instituted to enforce the lien of the first mentioned judgment against the said eight-acre tract of land. The husband and seven children of the said Mattie A. Chapman, were made parties to this proceeding. We quote so much of the deed as is material to a decision of the question involved:

> "This deed, made the 31st day of August, 1903, between Edward L. Bill and Jeanette C. Bill, his wife, of the county of Roane and State of West Virginia, of the first part, and Mattie A. Chapman, and her surviving heirs, to-wit: her husband and children, of the said county and State, of the second part.
>
> "Witnesseth: that for and in consideration of the sum of One Dollar in hand paid, the receipt of which is hereby acknowledged, and for the further consideration as set forth in a private contract, and agreement of like date with this deed, and a lien is hereby retained for the fulfillment of said contract and agreement, the said Edward L. Bill and Jeanette C. Bill, the parties of the first part, do sell, grant and convey unto the said Mattie A. Chapman, and her heirs (to-wit) her husband and children, surviving her in life, parties of the second part, all that certain lot, tract or parcel of land. * * *.

"To have and to hold the said lots, tracts or parcels of land and premises together with all and singular appurtenances thereto belonging unto the said Mattie A. Chapman, and her heirs as designated herein, with general warranty."

The sole question raised on demurrer is the effect of this deed: Whether under it (1) Mattie A. Chapman took an estate in fee; (2) whether she became a joint tenant with her husband and children therein; or (3) whether she took a life estate and her husband and surviving children took a remainder in fee. The bill proceeds on the theory that she took the land in fee, or if not in fee, that she was a joint tenant with her husband and children.

In determining whether the deed or will passes a fee simple or life estate, the primary or dominant intention from the consideration of the whole instrument will govern. *Kesterson* v. *Brown,* 94 W. Va. 447; *Wootton* v. *Redd,* 12 Gratt. 206; *Hatcher* v. *Hatcher,* 80 Va. 171. It is fundamental that in construing deeds all the language used must be considered and its true meaning determined if possible. *Blake* v. *Hedrick,* 94 W. Va. 761; *Bartlett* v. *Petty,* 93 W. Va. 608. A technical word used in either a deed or a will is presumed to have been used in its technical sense, unless there are terms or provisions of the instrument containing it, which of themselves disclose intent and purpose, on the part of the grantor or testator, to use it in a different sense. *Hickel* v. *Starcher,* 90 W. Va. 369. Keeping the foregoing canons of construction in mind, let us examine the instrument in question. In the absence of a statute changing the common law rule of construction, a deed purporting to convey real estate to the heirs of a living person is void for uncertainty. This is the uniform holding of the courts in all jurisdictions. *Kepler* v. *Castle,* 281 Ill. 444; *Johnson* v. *Calvert,* 260 Mo. 442; *Booker* v. *Tarwater,* 138 Ind. 385; *Morris* v. *Stephens,* 46 Pa. 200; *Campbell* v. *Everhart,* 139 N. C. 503; *Hall* v. *Leonard,* 1 Pick (Mass.) 27. However, if there are terms in the instrument disclosing intent and purpose of using the word "heirs" as if it were "children", the courts with like unanimity every-

where so construe it and sustain the deed. *Roberson* v. *Wampler*, 104 Va. 380; *Heath* v. *Hewitt*, 127 N. Y. 166; *Wikle* v. *McGraw*, 91 Ala. 631; *Tucker* v. *Tucker*, 78 Ky. 503.

The question raised here is unique. Counsel on both sides have, with zeal and discrimination, presented arguments and collated authorities bearing upon it. But it is a case where precedents are not obtainable. The language employed here is not identical with that of any other case cited by counsel, or which our search has revealed. Mindful of Lord Coke's maxim "to judge as near as may be according to the rules of law", we are left to seek the intention to be gathered from the instrument when held up by its four corners. It will be observed that both in the caption of the deed and in the granting clause a definition of the word "heirs" is given. In the first, the grantees are described as, "Mattie A. Chapman, and her surviving heirs, tó-wit: her husband and children"; and in the second, as "Mattie A. Chapman, and her heirs, (to-wit) her husband and children, surviving her in life". The habendum in the deed follows, with the words: "said Mattie A. Chapman, and her heirs as designated herein". The demurree cites *Hickel* v. *Starcher, supra,* in which a deed purporting to convey real estate to the heirs of a living person was held to be void for uncertainty. There was no attempt in that case to use the words "heirs" in any sense other than the technical sense. There was nothing there as the court said: "to give the word 'heirs' an untechnical signification, and make it mean children." In the instant case the words employed in the deed do supply the element omitted in the Starcher deed. Here it defines the heirs as being "the husband and the children who may survive her in life." Thus, the word "heirs" is not used here in a technical sense, but as if it were "children".

The word "surviving" is used both in designating the grantees in the caption of the deed and in the granting clause. It must be given effect, if possible. "It cannot be lightly considered or arbitrarily put aside." *Halsey* v. *Fulton,* 119 Va. 571. Had this word been omitted it would seem that a joint tenancy would have been created between the wife, husband and children. Giving effect to this word, can it be said that

the husband and children living at the time of the execution of the deed, took an estate in fee in the land along with the wife and mother, *in praesenti?* Words of survivorship always refer in deeds and wills to the death of the testator or a life tenant. *Gish* v. *Moomaw,* 89 Va. 345. Here is described in particularity a class of individuals not ascertainable at the time the deed was executed, and a class that could not be ascertained until the death of the said Mattie A. Chapman. That it was the intention that this class should have an estate is plain from the words employed in the instrument. The fact that these parties could not be determined at the time of the deed defeats the contention that there was created a joint tenanacy in the deed. The fact that the class was created by the terms of the instrument likewise inveighs against the claim that the wife and mother took an estate in fee. If so, why the creation of this class by the grantor? There is certainty that the husband and children who survive Mattie A. Chapman will take under the deed, and there is likewise certainty that they will take upon her death. Looking at the instrument in its entirety, and applying the principles of law already announced, leads us to the conclusion that its plain purpose was to vest Mattie A. Chapman with an estate for life, with a remainder in fee therein at her death to her husband and children who should survive her. The question whether such remainder was vested or contingent is moot, as it is now vested. But it is urged there are no specific words creating a life estate. "No particular words are necessary to create a life estate; any language in the conveyance which sufficiently shows the grantor's intention will suffice." *Irvin* v. *Stover,* 67 W. Va. 356. This intention appears here.

Having reached the conclusion that Mattie A. Chapman took only a life estate under the deed in evidence, it follows that the circuit court properly sustained the demurrer to the bill; and we so certify.

*Ruling affirmed.*